

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2003

# Bluebeard's Castle v. Govt of VI

Precedential or Non-Precedential: Precedential

Docket 02-2807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bluebeard's Castle v. Govt of VI" (2003). *2003 Decisions.* Paper 761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed February 28, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2807

BLUEBEARD'S CASTLE, INC.;
CASTLE ACQUISITIONS, INC.

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
ROY MARTIN, in his official capacity as Tax Assessor,
        Appellants

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Civil Action No. 01-cv-00155
(Honorable Thomas K. Moore)

Argued November 8, 2002

Before: SCIRICA, ALITO and RENDELL, Circuit Judges

(Filed February 28, 2003)

        NANDI SEKOU, ESQUIRE (ARGUED)
        KERRY E. DRUE, ESQUIRE
        Office of the Attorney General of
         the Virgin Islands
        Department of Justice
        48B-50C Kronprindsens Gade
        GERS Building, 2nd Floor
        Charlotte Amalie, St. Thomas
        U.S. Virgin Islands 00802

         Attorneys for Appellants



        SIMONE R.D. FRANCIS, ESQUIRE
         (ARGUED)
        CHAD C. MESSIER, ESQUIRE
        WILLIAM S. McCONNELL, ESQUIRE
        Dudley, Topper and Feuerzeig, LLP
        1A Frederiksberg Gade
        P.O. Box 756
        Charlotte Amalie, St. Thomas
        U.S. Virgin Islands 00804

         Attorneys for Appellees

OPINION OF THE COURT

SCIRICA, Circuit Judge:

In this appeal involving the assessment of real property taxes in the Unites States Virgin Islands, we address the special relationship between federal and territorial law. The District Court enjoined the Virgin Islands tax assessor from employing a certain tax assessment method, concluding it violated federal law. Contending that any claims can only arise under territorial law, the Government of the Virgin Islands maintains the District Court lacked federal subject-matter jurisdiction. We hold that plaintiff has properly pled a federal claim.

I.

Plaintiff Equivest St. Thomas, Inc.1 is a United States Virgin Islands corporation that owns commercial property in St. Thomas, Virgin Islands. Plaintiff challenges the tax assessment of three of its hotel resort properties, Bluebeard's Castle, Bluebeard's Beach Club, and the Elysian Resort. For the 2000 tax year, the Government of the Virgin Islands assessed these three properties at more than $98 million, resulting in a tax bill of approximately $740,000. Plaintiff contends the assessment greatly exceeds the properties' actual value of less than $40 million.

_____

1. Equivest is a corporation formed by the merger of the corporations listed in the caption, Bluebeard's Castle, Inc. and Castle Acquisition, Inc.

2

Federal statutory law, and its Virgin Islands corollary, mandate that Virgin Islands real property must be assessed at "actual value."2 48 U.S.C. S 1401a; 33 V.I. Code Ann. S 2404. According to defendant Virgin Islands Tax Assessor Roy Martin, the Virgin Islands primarily employed replacement-cost value and declaration value in assessing the properties, methods he conceded do not reflect fair market value. Plaintiff contends that reliance on replacement-cost and declaration value violates federal statutory and Virgin Islands law. Plaintiff brought this action under 42 U.S.C. S 1983, seeking to enjoin defendants "from assessing real property taxes for commercial property in the Virgin Islands other than in strict accordance with 48 U.S.C. S 1401a and 33 V.I.C. S 2404."3

Finding that plaintiff was likely to prevail on the merits and had met the other requirements for preliminary relief, the District Court enjoined the Government of the Virgin Islands "from collecting property taxes against the hotel properties owned by Equivest St. Thomas, Inc. until the tax assessor can establish at a trial on the merits that the property taxes on those properties have been assessed on their actual value." Equivest St. Thomas, Inc. v. Gov't of the V.I., 208 F. Supp. 2d 545, 553 (D.V.I. 2002).

At this time, the Government of the Virgin Islands does not contest the District Court's resolution of the merits. Instead, the government contends the District Court lacked

jurisdiction because this dispute arises not under federal law, but solely under Virgin Islands law.4

---

2. For present purposes, we need not determine what constitutes actual value. We note, however, that historically, "[t]he phrases 'saleable value,' 'actual value,' 'cash value,' and others used in the directions of assessing officers, all mean the same thing, and are designed to effect the same purpose." Cummings v. Merchants' Nat'l Bank , 101 U.S. 153, 162 (1879).

3. Plaintiff also contends defendants are in breach of a settlement agreement reached in an earlier case governing Virgin Islands tax assessment. See Berne Corp. v. Gov't of the V.I. , 120 F. Supp. 2d 528 (D.V.I. 2000), for a discussion of that case.

4. The Government of the Virgin Islands also argues the District Court abused its discretion in rejecting plaintiff 's argument that the injunction should be denied because plaintiff lacks "clean hands." The government contends plaintiff failed to pursue avenues for relief within the Virgin Islands and insufficiently cooperated with Virgin Islands officials in this matter. We see no abuse of discretion.

3

II.

a.

Property taxes are generally governed by state law. As we discuss, the importance to the states of their tax systems is such that comity mandates that federal courts are ordinarily powerless to entertain challenges to state taxation, even under 42 U.S.C. S 1983. Fair Assessment in Real Estate Assoc. v. McNary, 454 U.S. 100, 116 (1981). But the Virgin Islands is not a state;5  it is a territory subject to Congress's broad power under Article IV, section 3, clause 2 of the United States Constitution to govern territories.6 See Examining Bd. of Eng'rs, Architects and Surveyors v. Flores de Otero, 426 U.S. 572, 587 n.16 (1975).

> It is settled that Congress has sovereignty over the territories of the United States and accordingly has power to legislate for a territory with respect to all subjects upon which the legislature of a state might legislate within the state. Simms v. Simms, 1899, 175 U.S. 162, 168. It is also settled that Congress may delegate to a territory such of these powers as it sees

---

5. Were it a state, the District Court may have been subject to the prohibition on tax injunctions under the Tax Injunction Act, 28 U.S.C. S 1341, which provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Where applicable, the Tax Injunction Act implicates federal subject-matter jurisdiction. Moe v. Confederated Salish and Kootenai Tribes, 425 U.S. 463, 470 (1976); Collins Holding Corp. v. Jasper County, 123 F.3d 797, 799 (4th Cir. 1997); Cumberland Farms, Inc. v. Tax Assessor, 116 F.3d 943, 945 (1st Cir. 1997). Nevertheless, we have held that the Tax Injunction Act does not apply to the Virgin Islands. Pan Am.

World Airways v. Gov't of the V.I., 459 F.2d 387, 391 (3d Cir. 1972).

6. Clause 2 of Article IV, section 3 provides:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.

4

> fit. Binns v. United States, 1904, 194 U.S. 486, 491-492; Christianson v. King County, 1915, 239 U.S. 356, 364-366. And the right of Congress to revise, alter and revoke these delegated powers does not diminish the powers while they reside in the territory. Hornbuckle v. Toombs, 1873, 18 Wall. 648, 85 U.S. 648, 655-656; District of Columbia v. John R. Thompson Co., 1953, 346 U.S. 100, 106.

Harris v. Boreham, 233 F.2d 110, 113 (3d Cir. 1956). Accordingly, Congress undisputedly has constitutional authority to regulate property taxation in the territory of the Virgin Islands.

In 1936, Congress exercised this authority. In order"to equalize and more equitably to distribute existing taxes on real property in the Virgin Islands of the United States and to reduce the burden of taxation now imposed on land in productive use in such islands," 48 U.S.C. S 1401, Congress enacted a statute governing property taxes in the Virgin Islands. 48 U.S.C. SS 1401-1401e. Section 1401a provides:

> For the calendar year 1936 and for all succeeding years all taxes on real property in the Virgin Islands shall be computed on the basis of the actual value of such property and the rate in each municipality of such islands shall be the same for all real property subject to taxation in such municipality whether or not such property is in cultivation and regardless of the use to which such property is put.

The general requirements of S 1401a are followed by the more specific requirements of S 1401b, which also recognizes a measure of self-governance over specific property tax requirements:

> Until local tax laws conforming to the requirements of sections 1401 to 1401e of this title are in effect in a municipality the tax on real property in such municipality for any calendar year shall be at the rate of 1.25 per centum of the assessed value. If the legislative authority of a municipality failed to enact laws for the levy, assessment, collection or enforcement of any tax imposed under authority of said sections,

5

within three months after May 26, 1936, the President shall prescribe regulations for the levy, assessment, collection, and enforcement of such tax, which shall be in effect until the legislative authority of such municipality shall make regulations for such purposes.

This section created an interim tax rate and specified a source of interim regulations over the tax collection system. But these provisions were to apply only "until local tax laws conforming to the requirements of sections 1401 to 1401e of this title are in effect," with respect to the tax rate, and "until the legislative authority of [a] municipality shall make regulations for such purposes," with respect to tax collection and enforcement mechanisms.

The two sections fit together. Section 1401a provides general requirements for property taxation in the Virgin Islands--that taxes be uniformly assessed and that they be "computed on the basis of the actual value" of the properties taxed. Section 1401b provides details that conform with the more general requirements of 1401a-- setting tax rates and directing the President to prescribe regulations.7 Both 1401b requirements are subject to change by local legislation, but they must "conform[ ] to the requirements of sections 1401 to 1401e"--including the general requirements in 1401a. The federal statute, therefore, contemplates a hybrid scheme of real property law: the general requirements are set by the federal government, with specifics established as a matter of territorial law consistent with federal law.8

---

7. President Roosevelt promulgated regulations in December 1936 applicable to St. Thomas and St. John. St. Croix had, by then, enacted its own property tax law, so it was not subject to these regulations. Berne, 120 F. Supp. 2d at 532.
8. Section 1401a's "actual value" and uniformity requirements are commonly found in state constitutions and statutes. See, e.g., S. Car. Const. Art. III, S 29 ("Taxes laid upon actual assessed value."); Co. Const. Art. X, S 3 (specifying both uniformity and"actual value" assessment); W. Va. Const. Art. X, S 1 ("Subject to the exceptions in this section contained, taxation shall be equal and uniform throughout the State, and all property, both real and personal, shall be taxed in proportion to its value to be ascertained as directed by law."); Pa. Const. Art. VII, S 1 ("Uniformity of Taxation). Thus, this structure does not set Virgin Islands property tax law apart from state property tax regimes. The difference is that federal law provides a part of the Virgin Islands property tax system that is often found within state tax systems.

6

b.

Plaintiff contends the Government of the Virgin Islands is subject to, and in violation of, S 1401a's requirement that "all taxes on real property in the Virgin Islands shall be computed on the basis of the actual value of such

property." (Emphasis added). In response, the government argues this section no longer applies because it has been superceded by Virgin Islands law.

The Government of the Virgin Islands contends the federal statute was supplanted in 1955 when the Virgin Islands Legislature9 passed a real property assessment law, including 33 V.I. Code Ann. S 2404, which enumerates the factors to be considered in determining "actual value." In support, the Government of the Virgin Islands focuses primarily on the expiratory language in S 1401b, which limits application "until local laws . . . are in effect." According to the government, this reveals the temporary nature of the 1936 act--whose effect ended with the passage of 33 V.I. Code Ann. S 2404.

But as noted, the expiratory language in S 1401b applies only to the specific requirements of that section; it does not apply to the rest of the statute, including the general requirements of S 1401a. Significantly, S 1401b expressly provides that the local measures enacted must also "conform[ ] to the requirements of sections 1401 to 1401e." A local tax law cannot conform to the requirements of the rest of the statute by abrogating it. It is a requirement of S 1401a--that the tax be computed on the"actual value" of the property--that plaintiff contends the Government of the

_____

9. The form of government in the Virgin Islands is defined by the Organic Act, originally passed by Congress in 1936, and subject to substantial revision in 1954, when it became known as the Revised Organic Act, and again in 1984. See Estate Thomas Mall, Inc. v. Territorial Court of the V.I., 923 F.2d 258, 260-61 (3d Cir. 1991); Virgo Corp. v. Paiewonsky, 384 F.2d 569, 575-76 (3d Cir. 1967). The Revised Organic Act, 48 U.S.C. S 1541 et seq., effectively serves as a constitution for the Virgin Islands. Callwood v. Enos, 230 F.3d 615, 622 (3d Cir. 2000). The Organic Act creates a unicameral legislative body comprised of fifteen senators. 48 U.S.C. S 1571. The executive branch is governed by an elected governor. 48 U.S.C. S 1591.

Virgin Islands has violated. Accordingly, while 33 V.I. Code Ann. S 2404 may have abrogated the regulations prescribed by President Roosevelt under S 1401b,10 the language of S 1401b does not support the proposition asserted by the Government of the Virgin Islands that S 1401a--or its "actual value" requirement--has been abrogated.

c.

That S 1401a's federal requirements apply does not end our inquiry. The Government of the Virgin Islands contends that considerations of federalism support its position that real property taxation is a local matter, and that notwithstanding 48 U.S.C. S 1401a, property tax disputes should be resolved in territorial courts. In other words, the Government of the Virgin Islands contends that federal courts have no jurisdiction over such disputes.

The Government of the Virgin Islands argues that because real property taxation is a matter generally left to the states, courts should be reluctant to find otherwise unless Congress has made an unmistakably clear statement to that effect. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). But the"clear statement" rule does not command the result sought by the Government of the Virgin Islands. Congress's intent to enter this area of law suffers from no ambiguity. Furthermore, the present case does not fit within the "clear statement" framework. It is indisputable that, in 1936, Congress entered the field of property taxation in the Virgin Islands. The Government of the Virgin Islands's position is that Congress later allowed the Legislature of the Virgin Islands to take over. But it would make little sense to require that Congress make a clear statement that it is retaining federal control it indisputably had over this matter. The"clear statement" rule ordinarily applies when Congress seeks to change the relationship between federal and state governments, not when it maintains the status quo.

In any event, principles governing the relations between

_____

10. The Legislature of the Virgin Islands adopted the same 1.25 percent tax rate specified in S 1401b. 33 V.I. Code Ann. S 2301.

the states and the federal government are not always applicable to the territories. The principal reason for this is that the Virgin Islands, like all territories, does not share with the states the same sovereign independence. See Parrott v. Gov't. of the V.I., 230 F.3d 615, 623 (3d Cir. 2000) ("[B]oth the Territorial Court and the District Court [of the Virgin Islands] derive their respective jurisdictional grants from the same sovereign--namely, Congress, exercising its authority under Article IV, S 3."); see also United States v. Wheeler, 435 U.S. 313, 321 (1978). Thus, the limitations on Congress flowing from the residual sovereignty of the states do not apply where there is no such dual-sovereignty, as when Congress acts under Article IV, section 3, clause 2 of the Constitution.

To be sure, property tax law in the Virgin Islands is, for the most part, "local" law, just as it is in the several states. See Chase Manhattan Bank, N.A. v. Gov't of the V.I., 300 F.3d 320, 323 (3d Cir. 2002) (characterizing property taxes as among several "local taxes" in the Virgin Islands). But its local character derives from Congress. To the limited extent that Congress has entered the field and instituted its own substantive requirements, the local character of property taxation in the Virgin Islands has been altered.

The hybrid character of property taxation in the Virgin Islands may raise questions about the appropriate application of federalism principles in this case even assuming the Virgin Islands were accorded the equivalence

of state sovereignty. "[P]rinciples of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration." Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n, 515 U.S. 582 (1995). But in this instance, the tax system is not a state tax system, nor is it entirely a territorial tax system. It is partially a federal tax system, and it is not apparent that the federal government should adopt a hands-off approach to the federal aspects of a hybrid federal/territorial system.

Furthermore, while the relative jurisdictions of the territorial and district courts in the Virgin Islands mirror the division of authority between state and Article III district courts, this system derives not from the

9

Constitution, but solely from congressional action. Before 1990, the District Court of the United States Virgin Islands had jurisdiction over most local matters, Brow v. Farrelly, 994 F.2d 1027, 1034 (3d Cir. 1993), including property tax disputes, e.g., Ricardo v. Ambrose, 110 F. Supp. 716 (D.V.I. 1953) (action challenging property tax assessment). In 1984, Congress vested traditional federal jurisdiction-- federal question and diversity--in the district court, and permitted the Government of the Virgin Islands to establish exclusive jurisdiction in the territorial court over local matters. Id. at 1033. In 1990, the Virgin Islands legislature divested the district court of jurisdiction over local disputes. Id. at 1023. Thus, just as the division of Virgin Islands tax law into federal law and territorial law is subject to Congress's determination, so are the relative jurisdictions of the territorial and the district courts. Congress chose to regulate property taxation in the Virgin Islands and it chose to grant jurisdiction to the district court over actions arising under federal law.

At the same time, we believe Congress intended federal regulation of Virgin Islands taxes to be limited. The system devised by Congress is largely a parallel of state law. Congress was not required to treat the Virgin Islands as though it were sovereign, but in large measure it has chosen to do so. The tax system is, for the most part, a matter of local governance. And the territorial courts, mirroring state courts, have been given primary jurisdiction over local matters. Accordingly, although S 1401a adds a significant federal element to the Virgin Islands tax regime, it remains a local system--created, enforced, and adjudicated locally. While federalism principles do not apply directly as a result of the Virgin Islands' sovereignty, sensitivity to the division between federal and territorial power in this area seems appropriate, given Congress's choice to treat Virgin Islands law--including its taxation regime--with much of the independence of state law. This counsels in favor of eschewing a broad interpretation of the federal rights created by S 1401a that are justiciable in District Court.

This conclusion is supported by the legislative history of S 1401a. In 1936, Congress passed a bill "[t]o establish an

10

assessed valuation real property tax in the Virgin Islands of the United States" to replace a system viewed as encouraging unproductive use of land. S. Rep. No. 74-1973, at 1 (1936). At that time, taxes were assessed at a certain amount per acre based on the land's use. Uncultivated land was taxed at a low rate, providing an incentive to keep land --even very valuable land--unproductive. Id. at 2 (letter of Harold L. Ickes, Secretary of the Interior, to Representative Leo Kocialkowski (May 24, 1935)). It was thought that federal legislation was needed, as the local legislature was unlikely to pass a change to a value-based tax system. S. Rep. No. 74-1973, at 6 (statement of Lawrence W. Cramer, Lieutenant Governor of St. Croix; Robert Herrick, Government Secretary, and George S. Robinson, Government Attorney).

Congress took care to enter this area of law only in a limited way calculated to require a change in the overall system of property taxation to one employing uniform rates tied to actual value, but refraining from instituting permanent particular requirements. It seems apparent, therefore, that the 1936 Act was never intended to change the underlying character of property taxation as primarily subject to local governance.

The Government of the Virgin Islands contends that plaintiff 's action is "nothing more than a routine challenge of the alleged excessiveness of their year 2000 property tax assessment." As such, they contend it is a purely local tax question, subject only to territorial court jurisdiction.

Where this is the case, jurisdiction in the District Court is improper. An aggrieved taxpayer does not state a federal claim by objecting that its taxes are not based on the actual "actual value" of its property. If an assessor arrives at a figure greater than what the taxpayer believes to be the correct number, the assessor has not necessarily violated the requirement that the tax assessment be based on actual value. Only if the assessment method does not constitute a reasonable attempt to determine the actual value can a claim be brought under S 1401a. A challenge to the system of tax assessments in federal court may be permissible depending on whether it directly implicates

11

federal law; an ordinary challenge to an assessment must be brought in territorial court.

Plaintiff here has adequately alleged a violation under 48 U.S.C. S 1401a. See Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a

plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute."). It contends defendants systematically employed a method of assessment not calculated to determine the actual value of its properties. Because plaintiff 's claims "arise under"S 1401a, they are subject to the jurisdiction of the District Court under 48 U.S.C. S 1612 and 28 U.S.C. S 1331.

In this respect, this case is distinguishable from our decision in Club Comanche, Inc. v. Gov't of the V.I., 278 F.3d 250 (3d Cir. 2002). In an action to quiet title, the parties asserted federal jurisdiction because the property boundaries were determined, in part, by federal law. Notwithstanding that federal law may have had an effect on the ultimate resolution of the action, we held it was a territorial law claim because it arose under the Virgin Islands quiet title statute. Id. at 259-60."A suit arises under the law that creates the cause of action." Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). Plaintiff here claims the government violated S 1401a. It could do so apart from a territorial cause of action to challenge the tax assessments. In this particular case, federal law "creates the cause of action."

d.

In sum, property taxation in the Virgin Islands is governed by a mixture of federal and territorial law. Federal law provides general requirements for real property taxation in the Virgin Islands. Territorial law and its application must be consistent with these federal requirements. Because plaintiff has properly alleged a violation of a federal requirement, it has stated a federal claim in the United States District Court for the District of the Virgin Islands.

12

Under Article IV, section 3 of the United States Constitution, Congress has the power to regulate taxation in the Virgin Islands. In 1936, it did so. Nothing in that statute, or in any other act of Congress identified by the Government of the Virgin Islands provides a basis to disregard the requirements of that statute.

Because the government has not challenged the District Court's preliminary determination of the merits, we do not address what constitutes "actual value" for these purposes, nor whether the methods employed by defendants represent reasonable means of determining actual value. We also do not address the other requirements for issuance of a preliminary injunction, as defendants have not taken issue with these rulings on appeal.

Accordingly, we will affirm the District Court's preliminary injunction and remand for further proceedings.

A True Copy:

Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

13