### BERNE CORPORATION, B & B Corporation. Plaintiffs,

### v.

### GOVERNMENT OF THE VIRGIN ISLANDS, and Roy Martin, in his official capacity as Tax Assessor, Defendants.

### No. CIV.2000–141.

District Court, Virgin Islands, D. St. Thomas Division and St. John.

Aug. 14, 2003.

As Amended Aug. 22, 2003.

---

James M. Derr, Esq., David E. Nichols, Esq., St. Thomas, VI, for Plaintiff.

Kerry E. Drue, Esq., St. Thomas, VI, for Defendants.

## MEMORANDUM

MOORE, District Judge.

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employ[ed] a method of assessment not calculated to determine the actual value of properties as required by 48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands*, 262 F.Supp.2d 540, 561 (D.Vi.2003) [*Berne Corp. II*]. Accordingly, I entered a decree in the consolidated portion of this case awarding injunctive and other such relief common to all parties. All that remains for resolution is application of this decree to the unique facts posed in this individual case brought by plaintiffs Berne Corpora-

tion and B & B Corporation [collectively "plaintiffs"], including their request for declaratory relief regarding the actual value of the parcels of commercial real property they own.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs are Virgin Islands corporations that own commercial real property on St. Thomas known as Parcel 69, 69A, 70A & 71A, and 70BA Kronprindsens Gade. Plaintiffs originally sued the Government in 2000 alleging that the defendants had illegally assessed the value of their commercial properties based on replacement value, rather than the actual value required by federal law. After I granted a preliminary injunction in favor of the plaintiffs, the parties reached a settlement agreement ["*Berne* Settlement"], containing both public and non-public provisions, which I approved on December 19, 2000. As part of the *Berne* Settlement, the Government and the Tax Assessor agreed to bring the Virgin Islands real property tax system into compliance with the federal requirement that property be assessed on its actual/market value and to re-assess the plaintiffs' properties for the 2000 and 2001 tax bills based on this new assessment system. (Pls.' Ex. 1.) The parties also agreed that the plaintiffs would have a tax credit of $70,000.00 to apply to future property tax bills. (*Id.*)

Notwithstanding the *Berne* Settlement, the Government in September 2001 issued the 2000 property tax bills based on the concededly illegal methods of assessment. Soon thereafter, Berne and 21 Queen's Quarter moved to enforce the *Berne* Settlement agreement. At a September 21 hearing, I denied the motion to enforce as premature, noting that the *Berne* Settlement gave the Government two years to bring its assessment system into compli-

ance. In the summer of 2002 and after it became evident that the Government could not or would not comply with the terms of the *Berne* Settlement, however, I permitted the plaintiffs to re-open their case to seek relief for their 2000 and 2001 tax bills and to join the consolidated trial of the common issues that began last January.

■ During the individual trial of this case on January 22, 2003, plaintiffs' expert, Steve Jamron, produced several reports detailing the fair market value of the properties in question. (Pls' Exs. 6, 7; Jamron Test., Jan. 22, 2003, at 6–8.) Jamron appraised the values of plaintiffs' commercial properties at $800,000.00 for the 2000 tax bill and at $755,000.00 for the 2001 tax bill. At trial and again in its proposed findings of fact and conclusions of law, the Government failed to produce any evidence to support the assessed values of the Tax Assessor's Office and, instead, sought to rely on the same stale arguments it has repeatedly made throughout this property tax litigation.[1] With no evidence to justify the Tax Assessor's assessments, I find plaintiffs' testimony to be credible and the Government's testimony to be self-serving and incredible. Accordingly, I incorporate my earlier findings from the consolidated portion of this case by reference, find that "the system of assessment as presently established and operated by the Tax Assessor is structurally incapable of equitably and reliably implementing the federal statutory mandate of taxing all real property on its actual value," *see Berne II,* 262 F.Supp.2d at 555, and, in actual application to the plaintiffs' properties, has failed to produce reliable or equitable assessments of their actual or fair market values. Thus, all that remains is to determine a suitable remedy for plaintiffs' commercial properties.

## II. REMEDIES

■ As per my memorandum in the individual case of Equivest St. Thomas, Inc., for the 1999 tax bill and beyond I will accept the plaintiffs' proffered values as good faith estimates of their tax obligations and order the Government to treat these values as the assessed values of these properties until the Special Master has certified the Territory's assessment system to be capable of assessing properties at their actual value. Moreover, the plaintiffs may, at their option, either pay to the Government the sum of their respective good faith estimate *or* withhold such payment without penalty or interest until the Tax Assessor has re-assessed and established the actual value of their property provided plaintiffs pay all of their outstanding taxes within 60 days the new reassessed bills are issued.

Accordingly, I shall accept plaintiffs' proffered values for their commercial properties of $800,000.00 with a tax liability of $6,000.00 for their 2000 tax bill and of $755,000.00 with a tax liability of $5,662.50 for their 2001 tax bill. I accept these as good faith estimates and declare them to be the actual values and the related tax liabilities to be what plaintiffs owe as their 2000 and 2001 property taxes for these properties, pending reassessment. Therefore, plaintiffs may, at their option, either apply their estimated tax liability of $6,000.00 for the 2000 tax bill and $5,662.50 for the 2001 tax bill to their $70,000.00 credit under the *Berne* Settlement as payment of property taxes for those years or chose to apply these sums to their credit

---

1. Similar to its proposed findings of fact and conclusions of law in the individual case of Equivest, the Government fails to mention either this Court's Decree of May 12, 2003 or the Third Circuit Court of Appeals opinion in *Bluebeard's Castle, Inc. v. Government of the Virgin Islands,* 321 F.3d 394 (3d Cir.2003) affirming this Court's jurisdiction.

within 60 days after revised tax bills are issued upon the Special Master's certification that the Territory's tax assessment system is capable of equitably and reliably assessing properties at their actual value.

### DECREE

Having considered the entire record in this matter, including the testimony and documentary evidence presented at the trial on January 22, 2003, and based on the Memorandum of even date, it is hereby,

**DECREED** that the Tax Assessor's Office has failed to assess and tax the litigated properties of plaintiffs at their actual value.

The Court further enters the following remedial orders:

**ORDERED** that Parcel Number 69, 69A, 70A & 71A, and 70BA shall have a value of $800,000.00 and a tax liability of $6,000.00 for the 2000 tax bill; it is further

**ORDERED** that Parcel Number 69, 69A, 70A & 71A, and 70BA shall have a value of $755,000.00 and a tax liability of $5,662.50 for the 2001 tax bill; and it is further

**ORDERED** that these values and tax liabilities shall remain in effect until such time as the Special Master certifies that the Territory's property tax system will produce credible and reliable actual values.