**TWENTY-ONE QUEEN'S QUARTER, INC., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, and ROY MARTIN, in his official capacity as Tax Assessor, Defendants**

Civ. No. 2000-167

District Court for the Virgin Islands

Division of St. Thomas and St. John

March 18, 2004

DAVID A. BORNN, ESQ., St. Thomas, U.S.V.I., *for plaintiff*

KERRY E. DRUE, ESQ., St. Thomas, U.S.V.I., *for defendants*

MOORE, *Judge*

## MEMORANDUM

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employ[ed] a method of assessment not calculated to determine the actual value of properties as required by

48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands*, 262 F. Supp. 2d 540, 561 (D.V.I. 2003) [*Berne Corp. II*]. Accordingly, I entered a decree in the consolidated portion of this case awarding injunctive and other such relief common to all parties. All that remains for resolution is application of this decree to the unique facts posed in this individual case brought by plaintiff Twenty-One Queen's Quarter, Inc. including its request for declaratory relief regarding the actual value of the parcel of commercial real property it owns.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff is a Virgin Islands corporation that owns commercial real property on St. Thomas known as Parcel 21 Dronningens Gade Queen's Quarter. Plaintiffs originally sued the government in 2000 alleging that the Tax Assessor had illegally assessed the value of its commercial properties based on replacement value, rather than the actual value required by federal law. After I granted a preliminary injunction in favor of the plaintiff, the parties reached a settlement agreement ["*Berne* Settlement"], containing both public and non-public provisions, which I approved on December 19, 2000. As part of the *Berne* Settlement, the defendants agreed to bring the Virgin Islands real property tax system into compliance with the federal requirement that property be assessed on its actual/market value and to re-assess the plaintiffs' properties for the 2000 and 2001 tax bills based on this new assessment system.

Notwithstanding the *Berne* Settlement, the government in September 2001 issued the 2000 property tax bills based on the concededly illegal method of assessment. Soon thereafter, plaintiff, along with the Berne Corporation, moved to enforce the *Berne* Settlement agreement. At a September 21 hearing, I denied the motion to enforce as premature, noting that the *Berne* Settlement gave the government two years to bring its assessment system into compliance. In the summer of 2002 and after it became evident that the government could not or would not comply with the terms of the *Berne* Settlement, however, I permitted the plaintiff to re-open its case to seek relief for its 2000 and 2001 tax bills and to join the consolidated trial of the common issues that began in January of 2003.

During the individual trial of this case on January 22, 2003, plaintiffs' expert, Steve Jamron, produced several reports detailing the fair market value of the properties in question. (Plt.'s Exs. 2, 3.) Jamron appraised plaintiff's commercial property at $1,680,000.00 for the 2000 tax bill and

at \$1,590,000.00 for the 2001 tax bill. (Jamron Test., Jan. 23, 2003, at 40-41.) At trial, the government failed to produce any evidence to support the assessed values of the Tax Assessor's Office and, instead, sought to rely on the same stale arguments it has repeatedly made throughout this property tax litigation.[1] With no evidence to justify the Tax Assessor's assessments, I find plaintiffs' testimony to be credible and the government's testimony to be self-serving and incredible.

■ Accordingly, I incorporate my earlier findings from the consolidated portion of this case by reference, find that "the system of assessment as presently established and operated by the Tax Assessor is structurally incapable of equitably and reliably implementing the federal statutory mandate of taxing all real property on its actual value," *see Berne II,* 262 F. Supp. 2d at 555, and, in actual application to the plaintiffs' properties, has failed to produce reliable or equitable assessments of their actual or fair market values. Thus, all that remains is to determine a suitable remedy for plaintiff's commercial property.

## II. REMEDIES

As per my memorandum in the individual case of Equivest St. Thomas, Inc., for the 1999 tax bill and beyond I will accept the plaintiff's proffered values as good faith estimates of its tax obligations and order the government to treat these values as the assessed values of 21 Queen's Quarter until the Special Master has certified the Territory's assessment system to be capable of assessing properties at their actual value. Moreover, the plaintiff may, at its option, either pay to the government the sum of its respective good faith estimates *or* withhold such payment without penalty or interest until the Tax Assessor has re-assessed and established the actual value of its property provided plaintiff pays all of its outstanding taxes within 60 days the new reassessed bills are issued.

■ Accordingly, I shall accept plaintiff's proffered values for its commercial property of \$1,680,000.00 for its 2000 tax bill and of \$1,590,000.00 for its 2001 tax bill. I accept these as good faith estimates

---

[1] Similar to its proposed findings of fact and conclusions of law in the individual case of Equivest, the government fails to mention either this Court's Decree of May 12, 2003 or the Third Circuit Court of Appeals opinion in *Bluebeard's Castle, Inc. v. Government of the Virgin Islands,* 321 F.3d 394 (3d Cir. 2003) affirming this Court's jurisdiction.

and declare them to be the actual values on which the related tax liabilities for the plaintiff's 2000 and 2001 property taxes are based, pending reassessment.[2]

---

[2] The plaintiff's findings of facts and conclusions of law did not propose tax liabilities to correspond to its suggested 2000 and 2001 property tax values. As this issue has not been addressed by the plaintiff, I leave it to the parties to calculate the respective taxes.