**LINDON CORPORATION and GORDON L. COFFELT, Plaintiffs**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, and ROY MARTIN,**
**in his official capacity as Tax Assessor, Defendants**

Civ. No. 2002-57

District Court for the Virgin Islands

Division of St. Thomas and St. John

April 14, 2004

SORAYA DIASE COFFELT, ESQ., St. Thomas, U.S.V.I., *for the plaintiffs*

KERRY E. DRUE, ESQ., St. Thomas, U.S.V.I., *for the defendants*

MOORE, *Judge*

## MEMORANDUM

The plaintiffs have moved that I reconsider my August 22, 2003 decree in this matter. The government has not opposed the plaintiffs' motion nor filed any other response. I note that the government has filed a motion requesting that I stay my August 22, 2002 [sic] decree. For the reasons stated in the separate memorandum of even date filed in this matter, I will deny the government's request for a stay. For the reasons stated below, I will grant in part and deny in part the plaintiffs' motion for reconsideration.

## I. PROCEDURAL BACKGROUND

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employ[ed] a method of assessment not calculated to determine the actual value of properties as required by 48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands,* 262 F. Supp. 2d 540, 561 (D.V.I. 2003). Accordingly, I entered a decree in the consolidated portion of this case awarding injunctive and other such relief common to all parties. On August 22, [2003], I applied that decree to the unique facts posed in this individual action brought by plaintiffs Lindon Corporation and Gordon L. Coffelt. *Lindon Corp. v. Gov't of Virgin Islands,* 278 F. Supp. 2d 579 (D.V.I. 2003).

## II. ANALYSIS

### A. The Jurisdictional Basis for this Court's Decision

The plaintiffs have requested that I reconsider my August 22, 2003 ruling in their individual matter to the extent that it appears to rely on 33 V.I.C. § 2453(c) as a jurisdictional basis for vacating the Board of Tax Review's decision in their case.[1] The plaintiffs suggest that section 2453(c) has been implicitly repealed by a decision of the Third Circuit Court of Appeals and is thus not a proper basis for vacating the unlawful decisions of the Board of Tax Review. (Mot. for Reconsideration at 1-2, citing *Moravian School Advisory Board of St. Thomas v. Rawlings,* 70

---

[1] I referenced 33 V.I.C. § 2453 (c) in two other decisions in these individual tax cases, namely *Sharp v. Government of the Virgin Islands,* Civil No. 2001-228, and *Shell Seekers, Inc. v. Government of the Virgin Islands,* Civil No. 2001-197.

F.3d 270 (3d Cir. 1995)). Without reaching the merits of this argument, I write here to clarify that the basis for this Court's jurisdiction to enter remedial orders in these individual decisions is the same as the basis for this Court's jurisdiction set forth in the consolidated portion of this case, namely 48 U.S.C. § 1401a and 5 V.I.C. § 80. *See Berne Corp.*, 262 F. Supp. 2d at 551-553.

In my consolidated decision in this matter I reiterated that this Court has jurisdiction to hear challenges to the Territory's property tax system under 48 U.S.C. § 1401a, which provides that all taxes on Virgin Islands real property shall be based on the property's "actual value." *Berne Corp. v. Gov't of the Virgin Islands*, 262 F. Supp. 2d 540, 551-553. As the Court of Appeals has agreed, "because the plaintiff[s]' claims 'arise under' § 1401a, they are subject to the jurisdiction of the District Court under 48 U.S.C. § 1612 and 28 U.S.C. § 1311." *Bluebeard's Castle, Inc. v. Government of Virgin Islands*, 321 F.3d 394, 402 (3d Cir. 2003) (citations omitted).

In my first decision to address the unique circumstances of an individual plaintiff, I did not explicitly repeat this basis under federal law for this Court's jurisdiction, but instead incorporated by reference my findings in the consolidated portion of this case. *See Equivest St. Thomas, Inc. v. Government of the Virgin Islands*, 276 F. Supp. 2d 439, 443 (D.V.I. 2003). In a few of the individual decisions that followed, however, I referred to 33 V.I.C. § 2453 (c) as providing authority to vacate decisions of the Board of Tax Review. *See Sharp v. Government of the Virgin Islands*, 278 F. Supp. 2d 585, 587 (D.V.I. 2003); *Lindon Corp. v. Government of the Virgin Islands*, 278 F. Supp. 2d 579, 581 (D.V.I. 2003); *Shell Seekers, Inc. v. Gov't of Virgin Islands*, 2004 U.S. Dist. LEXIS 10912 at *2 (D.V.I. 2004).

Whether or not section 2453(c) of the Virgin Islands Code continues as a basis for this Court's jurisdiction, 48 U.S.C. § 1401a and 5 V.I.C. § 80 clearly provide such jurisdiction. As I explained in the consolidated decision, Congress requires the Virgin Islands to establish and maintain a property tax system designed to assess the tax on the real property's actual value. *Berne Corp.*, 262 F. Supp. 2d at 552. I also explained that the government had denied plaintiffs such as Lindon Corporation their right to due process by failing to provide timely hearings for appeals of property tax assessments. *Id.* at 569. As the government has violated federal law and the plaintiffs' due process rights, I have jurisdiction to

615

enter orders to remedy the government's unlawful behavior. *See, e.g., Growth Horizons, Inc. v. Delaware County,* 983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute."). Further, I explained that this Court has supplemental jurisdiction over the plaintiffs' taxpayer's suit against the Tax Assessor for illegally assessing their property. *See Berne Corp.,* 262 F. Supp. 2d at 553; *see also* 5 V.I.C. § 80 ("A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds.").

■ Thus, regardless of any doubt about my authority to act under 33 V.I.C. § 2453(c), decisions of both this Court and the Court of Appeals clearly establish that this Court has jurisdiction to remedy the government's unlawful behavior under 48 U.S.C. § 1401a and 5 V.I.C. § 80.

## B. Retrospective Correction of the 1992-1998 Property Tax Bills for Parcel Nos. 19H and 19-1-3 Estate Smith Bay

In his third amended complaint and in their proposed findings of fact and conclusions of law, plaintiff Gordon L. Coffelt sought relief, *inter alia,* requiring the Tax Assessor to correct errors in the 1992-1998 property tax bills for parcels 19H and 19-1-3 Estate Smith Bay ["agricultural properties"]. The plaintiff requests that I order the Tax Assessor, after making such corrections, to issue revised tax bills for the agricultural properties for the 1992-1998 property tax years.

My August 22, 2003 memorandum, however, omitted relief regarding Coffelt's 1992-1998 property tax bills for these properties. After reviewing the record, it is clear that Coffelt was denied due process by the Tax Assessor's failure to inspect his agricultural properties. Before the passage of Act 6415, which was signed into law on June 18, 2001, the Tax Assessor was required to conduct an actual viewing and assessment of all noncommercial properties on a biennial basis. *See* 33 V.I.C. 2404 (1994 & Supp 2003).

Although Coffelt purchased Parcel 19H in December, 1998, the Tax Assessor actually viewed it only once between the time of the purchase and October, 2002. The Tax Assessor was similarly neglectful in his obligation to visit and view Parcel 19-1-3. Similarly, Coffelt purchased

parcel 19-1-3 in September 1991, and the Tax Assessor's office did not view it until October, 2002. After his October, 2002, viewing of the agricultural properties, the Tax Assessor admitted that an improper modification factor had been used for Parcel 19H and that this error has tainted all of the plaintiff's property tax bills for this property since 1992. (Lindon Tr. at 161-163, 174.) This October 2002 viewing prompted the Tax Assessor to issue revised tax bills for both properties for the 1999, 2000, and 2001 property tax years. (Pl.'s Ex. 18, 19.)

█ Coffelt requested in the plaintiffs' proposed findings of fact and conclusions of law that I order the Tax Assessor to correct retrospectively the inaccurate Tax Assessments for 1992-1998 and issue revised tax bills to Coffelt. I agree that the Tax Assessor's admitted errors in assessing the plaintiff's agricultural properties rendered the 1992-1998 assessments of these properties inaccurate. Accordingly, I will provide the relief proposed by the plaintiff.

### C. The August 22, 2003 Memorandum Accurately Calculated Coffelt's Total Overpayment for 19H Estate Smith Bay

My August 22, 2003 memorandum showed that plaintiff Gordon Coffelt overpaid his property taxes for Parcel 19H Estate Smith Bay by $313.18 for each of the 1999-2002 tax years. The plaintiff claims that Exhibit No. 22 shows he actually overpaid these property taxes by $313.80. While Exhibit No. 22 lists that the plaintiff paid $360.05 for each of the 1999, 2000, and 2001 tax years, it does not accurately account for the amount of tax the plaintiff overpaid for those years based on what I agree is the appropriate assessed value. The plaintiff's expert valued the property at $125,000, with a corresponding property tax of $46.87. Exhibit No. 22 inaccurately reflects the difference between the taxes paid, $360.05, and the taxes actually owed, $46.87, as $313.80, whereas the correct amount is $313.18. Thus, my August 22, 2003 memorandum accurately reflected the amounts that the plaintiff overpaid on 19H Estate Smith Bay for the 1999, 2000, and 2001 tax years.

### D. The Plaintiffs Are Entitled To Twelve Percent Interest Per Annum

█ Finally, the plaintiffs request I clarify that their award of twelve percent interest is to be calculated on a per annum basis. No such clarification is necessary. My August 22, 2003 memorandum in this

individual matter explicitly referenced the remedy framework set forth in my August 13, 2003 memorandum in the individual case of *Equivest St. Thomas, Inc. v. Government of the Virgin Islands. See Lindon Corp. v. Gov't of Virgin Islands,* 278 F. Supp. 2d 579, 582, 583 (D.V.I. 2003).As I explained in *Equivest St. Thomas,* any plaintiff that has overpaid its property taxes up to and including its 1998 tax bills "will be entitled to a refund and to interest on any overpayments at the statutory rate of 12 percent *per annum,"* and any plaintiff making overpayments on its 1999 or later property tax bills "will be entitled to a credit and interest at the statutory rate of 12 percent *per annum." Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands,* 276 F. Supp. 2d 439, 444 (D.V.I. 2003) (emphasis added). Yet, at the request of the plaintiffs, I will erase any doubt and reiterate here that their award of twelve percent interest is to be calculated on a yearly basis. An appropriate order follows.