NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1666
_____

UNITED STATES OF AMERICA

v.

OSVALDO TAVAREZ,

Appellant
_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-18-cr-00027-001
District Judge: The Honorable Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 13, 2019

Before: SMITH *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Filed: December 23, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and under I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Circuit Judge.*

The Mann Act criminalizes transporting a minor "in any commonwealth, territory, or possession of the United States[] with intent" to engage in criminal sexual activity. 18 U.S.C. § 2423(a). Osvaldo Tavarez admits he transported his thirteen-year-old daughter within St. Thomas and raped her, yet he claims that applying the Mann Act to his conduct violates the Commerce Clause and the Equal Protection Clause. But those arguments fail, so we will affirm.

*       *       *

*First*, Tavarez argues applying the Mann Act intraterritorially exceeds Congress's Commerce Clause power.[2] But that's a red herring. To be sure, the Mann Act relies on the Commerce Clause to criminalize transporting a minor "in interstate or foreign commerce" for criminal sexual activity. § 2423(a). Yet Tavarez's crime rests on another enumerated power: Congress's general police power over federal territories. *See* U.S. Const. art. IV, § 3, cl. 2; *Bluebeard's Castle, Inc. v. Gov't of V.I.*, 321 F.3d 394, 397 (3d Cir. 2003). That renders the Commerce Clause irrelevant. *See also United States v. Beach*, 324 U.S. 193, 195 (1945) (relying on Congress's police power to apply the Mann Act to intra–District of Columbia conduct); *Crespo v. United States*, 151 F.2d 44, 45 (1st Cir. 1945) (relying on Congress's police power to apply the Mann Act to intra–Puerto Rico conduct). *See generally Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 570

---

[2] Because Tavarez presented this argument to the District Court, our review is de novo. *United States v. Gonzalez*, 905 F.3d 165, 190 (3d Cir. 2018).

(2012) (holding courts may uphold a federal statute if the statute can be reasonably construed as an exercise of any enumerated power).

*Second*, Tavarez claims applying the Mann Act to intraterritorial but not intrastate activity violates the Equal Protection Clause. In essence, he claims the Mann Act impermissibly differentiates between territorial and state residents. And he argues strict scrutiny should apply, not only because he thinks the distinction impacts a fundamental right (freedom from physical restraint), but also because he thinks it discriminates based on alienage or national origin (since 75% of Virgin Islanders are Afro-Caribbean).

Neither dog hunts. Under *Harris v. Rosario*, 446 U.S. 651, 651-52 (1980), rational basis review governs laws treating territories differently than states. And here, a legitimate reason explains the differential treatment: Congress cabined "the Mann Act's applicability within the fifty states because it implicitly recognized potential constitutional limits on its power." *United States v. Ríos-Rivera*, 913 F.3d 38, 44 (1st Cir.) (rejecting the same equal protection argument from a Puerto Rican defendant), *cert. denied*, 139 S. Ct. 2647 (2019). To the extent Tavarez faults Congress for not expressing this justification, Congress need not "articulate its reasons for enacting a statute" to withstand rational basis scrutiny. *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980).

\*　　\*　　\*

For these reasons, we will affirm Tavarez's conviction.