

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2004

# Berne Corp v. Govt of VI

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Berne Corp v. Govt of VI" (2004). *2004 Decisions.* Paper 581.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/581

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2549

BERNE CORP; B&B CORP; TWENTY-ONE QUEEN QUARTER, INC.
MILLER PROPERTIES, INC.; *EQUIVEST ST. THOMAS, INC.;
ROBERT SCHMIDT; KIM HOLSWORTH; ROBERT SCHMIDT DEVELOPMENT
CORP; DORI P. DERR; CYRIL V FRANCOIS ASSOCIATES; SHELL
SEEKERS, INC.; CHARLES W. CONSOLVO; LINDA B. CONSOLVO;
SNEGLE GADE ASSOCIATES; YVETTE LEDERBERG; ARTHUR B.
CHOATE; STEWART LOVELAND; STACY LOVELAND; ELISABETH
SHARP; LINDON CORP; GORDON L. COFFELT; SORAYA D. COFFELT;
ONE STOP INC.;

v.

GOVERNMENT OF THE VIRGIN ISLANDS; ROY MARTIN, IN HIS
OFFICIAL CAPACITY AS TAX ASSESSOR; VIRGIN ISLANDS TAX
REVIEW BOARD,

Appellants

(D.C. Civil Nos. 00-00141, 00-00167, 01-00151, 01-00155, 01-00181,
01-00196, 01-00197, 01-00228 & 02-00057)

*Amended Per Clerk's Order dated 8/8/03

Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
(D.C. Civil Action No. 00-cv-00141)
District Judge: Honorable Thomas K. Moore

Argued May 5, 2004

Before: BARRY, AMBRO, and SMITH, <u>Circuit Judges</u>

(Opinion filed June 28, 2004)

Charles B. Klein, Esquire (Argued)
Peter N. Hiebert, Esquire
Timothy M. Broas, Esquire
Krista M. Enns, Esquire
Winston & Strawn
1400 L Street, N.W.
Washington, DC  20005

Iver A. Stridiron
  Attorney General
Elliott McIver Davis
   Solicitor General
Kerry E. Drue
   Chief, Civil Division
Douglas J. Juergens, Esquire
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade, GERS
Building, 2nd Floor
Charlotte Amalie, St. Thomas
USVI,  00802

    *Attorneys for Appellants*

David E. Nichols, Esquire
100 Blackbeard's Hill, Suite 8E
Charlotte Amalie, St. Thomas
USVI,  00802

James M. Derr, Esquire (Argued)
P.O. Box 664
Charlotte Amalie, St. Thomas
USVI,  00804

David A. Bornn, Esquire
The Bornn Firm
8 Norre Gade, 2nd Floor
Charlotte Amalie, St. Thomas

USVI, 00802

Soraya D. Coffelt, Esquire
51B Kongen Gade
Charlotte Amalie, St. Thomas
USVI, 00802

     *Attorney for Appellee*s

Chad C. Messier, Esquire (Argued)
Dudley, Topper & Feuerzeig
P.O. Box 756
1A Fredericksberg Gade
Charlotte Amalie, St. Thomas
USVI, 00804

     *Attorney for Appellee*
     *Equivest, St. Thomas*

---

OPINION

---

Ambro, Circuit Judge

The Government of the Virgin Islands appeals the District Court's order: (a) enforcing the Settlement Agreement the V.I. Government previously entered into with respect to a tax dispute; (b) enjoining the Virgin Islands Tax Assessor from calculating real property taxes using a certain appraisal method; and (c) enjoining the V.I. Government from issuing tax bills based on tax assessments calculated in accordance with that appraisal method. The District Court found that the V.I.'s method of assessing real property taxes was in violation of federal law because it did not reliably determine

3

the actual value of the properties. The V.I. Government does not dispute this factual finding but challenges the legal bases for District Court's order. For the reasons that follow, we affirm.

## I.

In July 2000, two commercial real property owners, Berne Corp. ("Berne") and B&B Corp. ("B&B"), sued the V.I. Government and the V.I. Tax Assessor, alleging that the V.I. appraisal system did not assess their real properties at actual value as required by federal law. In September 2000, the District Court of the V.I. preliminarily enjoined the V.I. Tax Assessor from collecting taxes against the real properties owned by the plaintiffs until he could establish at trial that the property taxes had been assessed on the properties' actual value. *Berne Corp. v. Government of the Virgin Islands*, 120 F. Supp. 2d 528 (D.V.I. 2000) ("*Berne I*").

While the appeal of the preliminary injunction was pending, the parties settled. Under the Settlement Agreement (approved by the District Court in December 2000), the V.I. Government agreed to reform its commercial real property tax assessment system within two years, subject to a special independent Master's review and certification. The Settlement Agreement provided, among other things, that under the reformed process the V.I. Tax Assessor would appraise commercial properties pursuant to the Uniform Standards of Professional Appraisal Practice ("USPAP").

In September 2001, after the V.I. Government issued the 2000 property tax bills

4

based on the same method of assessment as before, the *Berne I* plaintiffs moved to enforce the Settlement Agreement. The District Court denied the plaintiffs' motion, pointing out in doing so that the Settlement Agreement gave the V.I. Government two years to bring its assessment system into compliance.

Meanwhile, other V.I. real property owners filed similar suits, claiming that their real property tax bills were not based on the actual value of the properties being taxed. One of the new plaintiffs, Equivest St. Thomas, Inc. ("Equivest"),[1] moved for a preliminary injunction. In June 2002, the District Court granted Equivest's motion, enjoining the V.I. Government from collecting taxes against Equivest's properties until the V.I. Tax Assessor could establish at trial that the property taxes assessed represented the properties' actual value. *Equivest St. Thomas, Inc. v. Government of the Virgin Islands*, 208 F. Supp. 2d 545 (D.V.I. 2002).

The V.I. Government appealed, arguing that the District Court lacked subject matter jurisdiction. In February 2003, we affirmed. *Bluebeard's Castle, Inc. v. Government of the Virgin Islands*, 321 F.3d 394 (3d Cir.), *cert. denied*, 124 S.Ct. 153 (2003). Specifically, we concluded that: (a) 48 U.S.C. § 1401a[2] was still controlling and

---

[1]Equivest was formed by the merger of Bluebeard's Castle, Inc. and Castle Acquisition, Inc.

[2]Section 1401a provides:

> § 1401a. Valuation of real property for assessment; uniformity of rates
> For the calendar year 1936 and for all succeeding years all taxes on real property in the Virgin Islands shall be computed on the basis of the actual value of

required all taxes on the V.I. real properties be computed on their actual value; and (b) Equivest adequately alleged a violation of its right under §1401a. Accordingly, we held that the District Court had subject matter jurisdiction. *Id.* at 402.

On remand, the District Court consolidated the *Berne I* plaintiffs' motion with Equivest's case and other similar individual suits for the purpose of trying the common issue–whether the V.I. tax assessment system was in violation of federal law. In May 2003, the District Court held that the V.I. Tax Assessor violated § 1401a because the tax assessment system employed by the Assessor unreasonably inflated the actual value of real properties. *Berne Corp. v. Government of the Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003) ("*Berne II*"). The District Court, as remedies, (a) enforced the Settlement Agreement from *Berne I*, (b) entered a permanent injunction against the V.I. Government and the V.I. Tax Assessor, and (c) extended the scope of its injunction to all similarly situated taxpayers in the V.I. under 5 V.I. Code Ann. § 80.[3] The Court later modified its order by lifting the portion of its injunction that prohibited the V.I. Government from

such property and the rate in each municipality of such islands shall be the same for all real property subject to taxation in such municipality whether or not such property is in cultivation and regardless of the use to which such property is put.

[3]This provision reads:

§ 80 Taxpayers' suits
A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds.

issuing tax bills not based on the actual value of properties to non-plaintiff taxpayers. *In re Tax Litigation*, 276 F. Supp. 2d 435 (D.V.I. 2003). The V.I. Government appeals.[4]

## II.

### A.

The V.I. Government first challenges the District Court's subject matter jurisdiction.[5] We do not entertain this issue because it has been decided already by our Court in *Bluebeard's Castle,* wherein we held that the District Court had subject matter jurisdiction. 321 F.3d at 402 ("Because plaintiff's claims 'arise under' § 1401a, [the defendants] are subject to the jurisdiction of the District Court under 48 U.S.C. § 1612 and 28 U.S.C. § 1331.").

Absent extraordinary circumstances (which are not present here), we abstain from revisiting this issue already decided by the prior panel. *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999) ("[A]n appeals court should generally

---

[4]We have jurisdiction under 28 U.S.C. § 1291. The District Court's grant of a permanent injunction after a trial on the merits (as opposed to the preliminary injunction, which is an interlocutory order) is a final order appealable under § 1291. *See Freethought Society, of Greater Philadelphia v. Chester County*, 334 F.3d 247, 255 (3d Cir. 2003); *AmeriSteel Corp. v. Int'l Brotherhood of Teamsters*, 267 F.3d 264, 267 (3d Cir. 2001). Therefore, we reject the V.I. Government's contention that the issues not challenged in the current appeal–such as the District Court's factual findings–are preserved for another appeal.

[5]The V.I. Government provides two alternative reasons for claiming the District Court's lack of subject matter jurisdiction. It asserts that § 1401a had been repealed by the Revised Organic Act of 1954. 48 U.S.C. § 1541 *et seq.* Alternatively, it contends, § 1401a did not confer a private right of action to the plaintiffs.

decline to reconsider an issue that another panel has decided on a prior appeal in the same case.") (citations omitted); *see generally Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997) (identifying several 'extraordinary circumstances' that warrant a court's reconsideration of an issue decided earlier) (citations omitted).

Morever, there is an alternative ground for the District Court's federal jurisdiction. The record shows that the plaintiffs pleaded in their complaint that their rights under the Due Process and Equal Protection Clauses of the United States Constitution were violated. The District Court did not address these constitutional claims because it was unnecessary to do so after it determined that the plaintiffs prevailed on their statutory claims. 262 F. Supp. 2d at 565 n.23. For the purpose of determining the District Court's federal subject matter jurisdiction, however, we look to the face of the plaintiffs' complaint to decide whether a federal claim has been raised. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the plaintiffs adequately presented the constitutional claims on the face of their complaint, this alone conferred subject matter jurisdiction on the District Court.

## B.

The V.I. Government next asserts that the District Court issued an advisory opinion when it struck down 33 V.I. Code Ann. § 2402(a)[6], claiming that whether §

___

[6]Section 2402(a) provides in pertinent part:

2402(a) violated federal law was a dispute of a hypothetical character. We disagree.

Federal courts may not issue an opinion unless there is an actual controversy between adverse parties. *Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851, 853 (3d Cir. 1996). Here, one of the controversies between the parties was whether the V.I. residential property tax assessment system violated federal law. The District Court's finding that § 2402(a) restricts the V.I. Tax Assessor's ability to determine the actual or fair market value of residential property decided the actual controversy between the parties: whether the V.I. Government failed to appraise residential properties at their actual value as required by federal law. Furthermore, we agree with the plaintiffs that § 2402(a) is merely an example of the V.I. Government's violations of § 1401a, and thus that it would not have survived the general relief entered, under which the V.I. Government is required to establish a new tax assessment system that appraises real property at its actual value.

## C.

The V.I. Government also claims that the plaintiffs lacked standing to sue under § 80 on behalf of *non-plaintiff* real property taxpayers in the V.I. This issue essentially has been mooted by the District Court's order of August 13, 2003 lifting the May 2003

---

(a) The tax assessor shall at least once every five (5) years, upon actual view, value and assess all noncommercial property subject to taxation in the Virgin Islands. Provided, however that the tax assessor shall not increase the valuation and assessment of noncommercial property more than 10% over the previous valuation and assessment . . . .

injunction as to all non-plaintiff real property taxpayers to allow the V.I. Government to issue tax bills to them based on the 1998 assessments reflected in the 1999 tax bills. 276 F. Supp. 2d at 436. It is well established that we do not entertain an appeal if there is no longer "a live case or controversy [that] extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citation omitted). Accordingly, we dismiss the appeal of this issue.[7]

The V.I. Government further contends that the plaintiffs lack standing to sue on behalf of themselves under § 80. In doing so, it challenges the District Court's decision in *Berne I.* As the V.I. Government relinquished its right to appeal that case by entering into the Settlement Agreement, it cannot now appeal *Berne I.* Moreover, even if the settlement in *Berne I* was reopened in *Berne II*, this standing argument comes too late (and in any event presents too little merit).

### D.

The V.I. Government next contends that the District Court awarded the plaintiffs mutually exclusive remedies. It claims that the District Court could have enforced specific performance of the Settlement Agreement or entered the permanent injunction, but not both. Because we conclude that there is no practical difference between the two remedies, and in any event the relief granted appears to be specific to each of the

---

[7]Likewise, the question of whether the District Court properly entered a permanent injunction with regard to non-plaintiffs has also been mooted. Hence we also do not review this issue.

consolidated cases, we affirm.

The District Court concluded that the V.I. Government materially breached the Settlement Agreement by failing to correct the appraisal practice in a way that would produce actual value assessments. 262 F. Supp. 2d at 575. Based on this finding, which is not challenged on appeal, the District Court ordered the V.I. Government to perform its obligation under the Settlement Agreement to reform its system of appraising properties so that the assessments would reflect their actual value. *Id.*

True, the plaintiffs in *Berne I* were also awarded injunctive relief even though they dismissed their case with prejudice when they agreed to settle. The injunction, however, does nothing more than require the V.I. Government to establish a "system that will appraise real property consistently at its actual, market value." 262 F. Supp. 2d at 571. Since the injunction has the same consequence for the plaintiffs as the enforcement of the Settlement Agreement, we conclude that the two remedies are not mutually exclusive.[8]

### E.

Finally, the V.I. Government argues that the District Court violated the principle of separation of powers when it specifically enforced the Settlement Agreement by, *inter alia*, ordering the Government to set up a fund to finance implementation of the Settlement Agreement. Again we disagree.

---

[8]For the same reason, we reject the argument that the District Court erred when it extended the terms of the Settlement Agreement to benefit non-commercial property owners. In fact, the V.I. Government itself represented that the new procedure resulting from the Settlement Agreement would be implemented for all property owners.

11

In general, court-approved settlement agreements are "specifically enforceable and broadly interpreted." *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir. 1982); *see also D.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997) (explaining the strong federal policy in favor of enforcing voluntary settlement agreements). The V.I. Government nonetheless asserts that the order of specific performance in this case violates the doctrine of separation of powers, relying on *Huntt v. Government of Virgin Islands*, 382 F.2d 38 (3d Cir. 1967). The V.I. Government characterizes its obligations under the Settlement Agreement as matters of discretion and claims that the District Court substituted its own judgment for that of an executive officer when it ordered the V.I. executive officers to perform specifically the Settlement Agreement and to provide adequate funding for that purpose.

But *Huntt* is distinguishable from the case before us. There the District Court found that the V.I. Government entered into a contract to issue certain government bonds and ordered specific performance of the contract. *Id.* at 40-41. We reversed the specific performance order because we concluded that the V.I. Government had no such contractual obligation. *Id.* at 47. We emphasized that, although the executive branch of the V.I. was authorized to issue the bonds, it was not bound to do so because their issuance makes it a discretionary act that "involves the exercise of extensive judgment and investigation, calling for the consideration and decision of many matters . . . ." *Id.* at 46. Thus we held that the District Court "transcended the scope of permissible judicial action" when it ordered the V.I. Government to issue the bonds. *Id.*

12

In our case, the binding nature of the Settlement Agreement and the V.I. Government's breach of its terms are undisputed.[9]  Morever, the Settlement Agreement itself provided that the District Court retained jurisdiction to supervise and enforce its terms and conditions.  Accordingly, we conclude that the District Court did not exceed its judicial power when it enforced the Settlement Agreement and ordered the V.I. Government to provide adequate funding for the purpose of its implementation.

* * * * *

For these reasons, we affirm the District Court's order enforcing the Settlement Agreement and grant of the permanent injunction as later modified.

---

[9]Thus, we are puzzled by the V.I. Government's assertion that under *Huntt* it is free not to respect the terms of the Settlement Agreement (such as reforming its tax assessment system pursuant to USPAP).  We agree with the District Court that the V.I. Government provided no basis for claiming that USPAP is inapplicable to the V.I. Tax Assessor.