

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2009

# Berne Corp v. Govt of the Virgin I

Precedential or Non-Precedential: Precedential

Docket No. 08-3897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Berne Corp v. Govt of the Virgin I" (2009). *2009 Decisions*. Paper 1101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 08-3897

————————

BERNE CORP.; B&B CORP.;
TWENTY-ONE QUEENS QUARTER, INC.;
MILLER PROPERTIES, INC.;
EQUIVEST ST. THOMAS, INC.;
ROBERT SCHMIDT; KIM HOLSWORTH;
ROBERT SCHMIDT DEVELOPMENT CORP.;
DORI P. DERR;
CYRIL V. FRANCOIS ASSOCIATES, LLC;
SHELL SEEKERS, INC.; CHARLES W. CONSOLO;
LINDA B. CONSOLVO; SNEGLE GADE ASSOCIATES;
YVETTE LEDERBERG; ARTHUR B. CHOATE;
STEWART LOVELAND; STACY LOVELAND;
ELISABETH SHARP; LINDON CORP;
GORDON L. COFFELT; SORAYA D. COFFELT;
ONE STOP, INC.

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
ROY MARTIN, IN HIS OFFICIAL
CAPACITY AS TAX ASSESSOR;

VIRGIN ISLANDS TAX REVIEW BOARD

Government of the Virgin Islands;
Roy Martin;
Virgin Islands Tax Review Board,

                                                    Appellants

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Civil Action Nos. 3-00-cv-00141, 3-00-cv-00167,
3-01-cv-00151, 3-01-cv-00155, 3-01-cv-00181,
3-01-cv-00196, 3-01-cv-00197, 3-01-cv-00228,
3-02-cv-00057
(Honorable Curtis V. Gomez)

Argued January 29, 2009

Before:  SCIRICA, *Chief Judge*,
AMBRO and SMITH, *Circuit Judges*.

(Filed: June 16, 2009)

TERRYLN M. SMOCK, ESQUIRE (ARGUED)
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade

GERS Complex, 2nd Floor
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802
        Attorney for Appellants

JAMES M. DERR, ESQUIRE (ARGUED)
P.O. Box 664
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
        Attorney for Appellees,
        Berne Corp., Miller Properties, Inc.,
        Robert Schmidt, Kim Holsworth,
        Robert Schmidt Development Corp.,
        Dori P. Derr, Shell Seekers, Inc.,
        Charles W. Consolvo, Linda B. Consolvo,
        Snegle Gade Associates, Yvette Lederberg,
        Arthur B. Choate, Stewart Loveland,
        Stacy Loveland, Elisabeth Sharp

DAVID A. BORNN, ESQUIRE (ARGUED)
The Bornn Firm
5079 Norre Gade, Suite 1
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
        Attorney for Appellees,
        Twenty-One Queens Quarter, Inc.,
        Cyril V. Francois Associates, LLC

SORAYA D. COFFELT, ESQUIRE
7003 Estate Louisenhoj
St. Thomas
U.S. Virgin Islands 00802
      Attorney for Appellees,
      Lindon Corporation, Gordon L. Coffelt

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

This appeal, the most recent chapter in a nearly decade-long legal battle over the assessment of commercial real property taxes in the United States Virgin Islands, requires us to reassess the jurisdictional foundations of our previous decisions in light of intervening congressional action.[1]

The Government of the Virgin Islands appeals two orders, both entered on September 11, 2008, by the Chief Judge of the District Court of the Virgin Islands. In the first order, the

---

[1]Appellants are the Government of the Virgin Islands, Roy Martin in his official capacity as Tax Assessor, and the Board of Tax Review. We will refer to them collectively as "the Government of the Virgin Islands." Appellees comprise twenty-three different corporations and private citizens located in the Virgin Islands. We will refer to them collectively as "Berne."

4

District Court partially vacated its May 12, 2003 Decree. In the second order, the District Court found the Government of the Virgin Islands had violated the non-vacated parts of the May 12, 2003 Decree and held it in contempt. The Government of the Virgin Islands challenges both the jurisdiction of the District Court and its contempt order. We will affirm.

I.

The initial suit in this litigation, brought under 42 U.S.C. § 1983, was filed in July 2000 by owners of commercial real estate subject to commercial real property taxes levied by the Government of the Virgin Islands.[2] Plaintiff taxpayers alleged violations of the 1936 Act, 48 U.S.C. § 1401 (repealed 2007), which required real estate tax assessments for the territories be

---

[2]The plaintiffs in the initial suit were all owners of commercial real estate. By 2003, plaintiffs consisted of a mixture of both commercial and private real estate owners. *See Berne Corp. v. Gov't of the V.I.* (*Berne II*), 262 F. Supp. 2d 540, 572 (D.V.I. 2003) ("[The permanent injunction] extends to all real property owners and real property in the Virgin Islands, including vacant land, agricultural land, commercial properties, residential properties, condominiums, and timeshare units, because plaintiffs cover the complete spectrum of taxpaying real property owners who complained . . . ."), *aff'd*, 105 F. App'x 324 (3d Cir. 2004).

made at "actual value."[3]  They also alleged violations of the Revised Organic Act of 1954, 48 U.S.C. § 1541,[4] as well as infringements of their procedural and substantive due process rights under the Fourteenth Amendment of the United States Constitution.  *Berne Corp. v. Gov't of the V.I.*, 120 F. Supp. 2d 528, 535 n.15 (D.V.I. 2000).  Plaintiffs sought to enjoin the Government of the Virgin Islands from assessing real property taxes except in  accordance with the 1936 Act, which required assessment by fair market value.  The District Court granted a

---

[3]The pertinent part of the 1936 Act reads: "For the calendar year 1936 and for all succeeding years all taxes on real property in the Virgin Islands shall be computed on the basis of the actual value of such property and the rate in each municipality of such islands shall be the same for all real property subject to taxation in such municipality whether or not such property is in cultivation and regardless of the use to which such property is put."  48 U.S.C. § 1401a.  In this litigation, the terms "actual value" and "fair market value" are synonymous and may be used interchangeably.  *Berne II*, 262 F. Supp. 2d at 555.

[4]The Revised Organic Act of 1954 is an amended version of the 1936 Organic Act of the Virgin Islands (a separate statute distinct from the 1936 Act, 48 U.S.C. § 1401 (repealed 2007)).  In the Revised Organic Act, Congress exercised its constitutional authority to regulate and define the government of the Virgin Islands.  *United States v. Virgin Islands*, 363 F.3d 276, 286 (3d Cir. 2004).

preliminary injunction against the Government of the Virgin Islands, finding continuing violations of the 1936 Act and a tax system that was neither credible nor reliable enough to provide taxpayers their constitutionally mandated due process rights. From this earlier litigation emerged the Berne settlement agreement which was approved by the District Court in December 2000.

Under the settlement agreement, the Government of the Virgin Islands agreed to reform its real property tax assessment system. The District Court appointed a Special Master to monitor the Government's procedures and to report on the level of achievement. The court granted the Government two years to bring its assessment system into compliance with constitutional requirements and the 1936 Act. *Berne Corp. v. Gov't of the V.I.* (*Berne II*), 262 F. Supp. 2d 540, 549 (D.V.I. 2003), *aff'd*, 105 F. App'x. 324 (3d Cir. 2004).

In the intervening years, old and new parties to the litigation filed motions to compel the Government of the Virgin Islands to comply with the settlement agreement. On May 12, 2003, the District Court entered a decree ("the May 2003 Decree") to enforce the Berne settlement agreement. *Berne II*, 262 F. Supp.2d at 544. The May 2003 Decree permanently enjoined the Government of the Virgin Islands from assessing all real property in the Virgin Islands until the District Court found (1) the government had established the property tax system mandated by the 1936 Act, and (2) the Board of Tax Review was consistently holding hearings and making

7

determinations within a reasonable amount of time after an appeal. *Id.* at 572. The District Court extended this injunction to all similarly situated taxpayers in the Virgin Islands[5] but allowed the Government of the Virgin Islands to issue tax bills to non-party taxpayers based on assessment values for 1998 so long as it provided a mechanism to retroactively apply those assessment values. In response, the Virgin Islands legislature enacted Act 6586 to provide a mechanism to collect taxes from non-party taxpayers based on a 1998 assessment until the injunction was dissolved. Accordingly, in August 2003, the District Court modified the May 2003 Decree to allow the Government to collect these property taxes. *In re Tax Litig.*, 276 F. Supp. 2d 435 (D.V.I. 2003).

On June 29, 2007, Congress repealed the 1936 Act and made the repeal retroactive to the enactment of the Revised Organic Act of 1954. Pub. L. No. 110-40, 121 Stat. 232 (2007). The Senate Committee Report stated "[t]he assessment and

---

[5]Under V.I. Code Ann. tit. 5 § 80, Berne has standing to bring suit on behalf of all similarly situated taxpayers against the Virgin Islands to "restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds." *Berne II*, 262 F. Supp. 2d at 567. In *Smith v. Government of the Virgin Islands*, we held no specific threshold of interest or minimum amount of taxes paid was required to bring suit. 329 F.2d 131, 134 (3d Cir. 1964). "If there has been a violation or evasion of the law . . . [,] damage is presumed to result to all taxpayers." *Id.* at 133 (citation omitted).

collection of real property taxes is fundamentally a local government issue with no Federal impact." S. Rep. No. 110-19, at 1 (2007).  In response to the repeal, in December 2007, the Government of the Virgin Islands moved to vacate the May 2003 Decree under Fed. R. Civ. P. 60(b), contending it was based upon no longer valid law.[6]

Before the District Court's decision on the status of the May 2003 injunction, the Virgin Islands legislature convened a special session on March 10, 2008, and passed Act 6991, 2008 V.I. Sess. Laws 6991, which permitted the Governor, John deJongh, to issue real estate tax bills for 2006 during the 2008 fiscal year, in contravention of the May 2003 Decree.[7] Act 6991 was silent with respect to the proper functioning of the Board of Tax Review, aside from appropriating a sum of money to the Board to hire administrative assistants and hearing officers and to pay for stenography services.  *Id*.

---

[6]Fed. R. Civ. P. 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

[7]*See* 2008 V.I. Sess. Laws 6991 ("The Office of the Tax Assessor may issue real property tax bills for the year 2006 during the fiscal year 2008.").

While the District Court's review of the status of the May 2003 injunction, in light of the repealed 1936 Act, was pending, the District Court held an evidentiary hearing on July 2, 2008, to determine how the Board of Tax Review was functioning. Without waiting for the District Court's determination on the status of the injunction, the Government of the Virgin Islands apprised the court on August 19, 2008, via an Informative Notice, of its intention to issue the 2006 tax bills. Immediately thereafter, Berne moved for an order to show cause why the Government of the Virgin Islands should not be held in contempt. The Government of the Virgin Islands, nevertheless, sent out its tax bills, even as it filed an opposition to the motion to show cause for contempt. After a hearing on the motion, the District Court, on September 11, 2008, found the Government of the Virgin Islands in contempt of the May 2003 Decree. The court ordered it to rescind all 2006 tax bills and to establish a special fund to satisfy any possible payment obligation imposed by the District Court in connection with this matter.[8] The court also vacated the part of the May 2003 Decree that relied upon the repealed 1936 Act, but retained jurisdiction over the rest of the May 2003 Decree, which ordered reform of the operation of the Board of Tax Review.[9]

---

[8]*Berne Corp. v. Gov't of the V.I.*, 2008 U.S. Dist. LEXIS 69246 (D.V.I. 2008).

[9]*Berne Corp. v. Gov't of the V.I.*, 2008 U.S. Dist. LEXIS 69247 (D.V.I. 2008).

10

II.

At the threshold, we must determine whether the District Court still had jurisdiction over the May 2003 Decree when it entered the two 2008 orders.[10] The Government of the Virgin Islands contends the District Court was divested of jurisdiction because its jurisdictional basis for the May 2003 Decree, the 1936 Act, had been repealed. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the initial complaint in this matter, filed July 7, 2000, Berne pleaded, under the second cause of action, deprivation of its "substantive and procedural due process [rights] guaranteed by the Fourteenth Amendment."

In *Bluebeard's Castle, Inc. v. Government of the Virgin Islands*, a precursor to the present case, we held the District

_____

[10]We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of the jurisdictional issue is plenary. *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 266 (3d Cir. 2002). Post-judgment orders of contempt are within an appellate court's jurisdiction under 28 U.S.C. § 1291 as final and appealable orders. *See Inmates of Allegheny County Jail v. Wecht*, 874 F.2d 147, 152 (3d Cir. 1989), *vacated on other grounds*, 493 U.S. 948 (1989).

11

Court had federal subject-matter jurisdiction because taxpayers "properly pled a federal claim"—namely, violations of the 1936 Act. 321 F.3d 394, 306 (3d Cir. 2003). In *Berne Corp. v. Government of the Virgin Islands,* 105 F. App'x 324, 328 (3d Cir. 2004) (non-precedential), we re-affirmed jurisdiction not only because of alleged violations of the 1936 Act, but also because "[t]he record shows that the plaintiffs pleaded in their complaint that their rights under the Due Process and Equal Protection Clauses of the United States Constitution were violated."[11] While the repeal of the 1936 Act removed one of the bases for federal-question jurisdiction, the District Court would still retain jurisdiction over this matter because of the constitutional violations alleged on the face of the initial complaint.

The Government of the Virgin Islands challenges the District Court's jurisdiction on an alternative ground. It contends the Senate Report accompanying the repeal of the 1936 Act reveals congressional intent to apply the Tax Injunction Act to United States territories, the Virgin Islands in particular. *See*

---

[11]Under Third Circuit Internal Operating Procedure 5.7, we are not bound by non-precedential opinions "because they do not circulate to the full court before filing." 3d Cir. IOP 5.7 (July 1, 2002). Nevertheless, we need not rely on *Berne Corp. v. Virgin Islands*, 105 F. App'x 324 (3d Cir. 2004). As noted, plaintiffs pleaded deprivation of due process rights on the face of their initial complaint, which was one of the bases for the injunction now being appealed.

S. Rep. No. 110-19, at 1 (2007) ("The assessment and collection of real property taxes is fundamentally a local government issue with no Federal impact."). The Tax Injunction Act deprives federal courts of jurisdiction to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.[12] In 1972, we held the Tax Injunction Act does not apply to the Virgin Islands. *Pan Am. World Airways v. Gov't of the V.I.*, 459 F.2d 387, 391 (3d Cir. 1972). We generally do not revisit decided issues except under special circumstances like an intervening change in the law. *See Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999). The Government of the Virgin Islands argues we should revisit our holding in *Pan American World Airways* because "Congress has made it clear that the Virgin Islands should be treated as a state with respect to property taxation." In light of the Government's contention, we will re-examine the application of the Tax Injunction Act to the Virgin Islands.

The statutory repealer of the 1936 Act in its entirety

---

[12]We stated in *Gass v. County of Allegheny*, "The Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its court." 371 F.3d 134, 137 (3d Cir. 2004). This sentence should have stated, "The Tax Injunction Act divests federal courts of jurisdiction *unless* the state fails to provide a 'plain, speedy and efficient' remedy in its court," as the rest of the *Gass* opinion makes clear.

13

reads: "Sections 1 through 6 of the Act of May 26, 1936 (Chapter 450; 49 Stat. 1372–1373; 48 U.S.C. 1401–1401e) are repealed." Pub. L. No. 110-40 (HR 57) (June 29, 2007). The accompanying Senate Report states: "The assessment and collection of real property taxes is fundamentally a local government issue with no Federal impact. No other State, territorial, or local government is subject to such Federal restrictions." S. Rep. No. 110-19, at 1 (2007). The Senate Report does not specifically reference the Tax Injunction Act, but it appears to align with our general understanding of the purpose of the Tax Injunction Act. As the United States Supreme Court stated in *Rosewell v. LaSalle National Bank*, "this legislation [the Tax Injunction Act] was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." 450 U.S. 503, 522 (1981).

Assuming the Tax Injunction Act applies, federal courts could still have jurisdiction to decide an otherwise properly pleaded claim as to whether a territorial government provided a plain, speedy and efficient remedy. We have held the Tax Injunction Act "requires [that citizens have] access to the state courts and an opportunity for meaningful review" in order to divest the federal courts of jurisdiction to hear a claim. *Gass v. County of Allegheny*, 371 F.3d 134, 139 (3d Cir. 2004). In *Gass*, we held the Tax Injunction Act barred federal jurisdiction because Pennsylvania did provide a plain, speedy and efficient remedy at state law, in part because it "provides for adequate notice to taxpayers of the appeals procedures." *Id.* at 140. We

14

summarized Pennsylvania's tax system as "a fully-developed administrative and judicial apparatus through which [taxpayers] . . . may grieve their claims." *Id.* Thus, there was no federal jurisdiction because the state provided a plain, speedy and efficient remedy, consisting of proper notice of and ability to particiate in the appeals procedures.

The "plain, speedy and efficient" requirement intersects with constitutionally required procedural due process rights. "The overall purpose of the Tax Injunction Act is consistent with the view that the 'plain, speedy and efficient remedy' exception to the Act's prohibition was only designed to require that the state remedy satisfy certain procedural criteria." *Rosewell*, 450 U.S. at 522. In *McKesson Corp. v. Division of Alcohol Beverages and Tobacco*, the Supreme Court held that to satisfy the Due Process Clause, a state must provide taxpayers with "a fair opportunity to challenge the accuracy and legal validity of their tax obligation." 496 U.S. 18, 39 (1990); *see also id.* at 50 (discussing the central role of the Supreme Court's due process jurisprudence in determining the applicability of the Tax Injunction Act); *Rosewell*, 450 U.S. at 530 n.1 ("On its face, the 'plain, speedy and efficient remedy' exception appears to require a state-court remedy that meets certain minimal *procedural* criteria.").

As noted, Berne properly pleaded constitutional due process violations of the tax assessment system, and in fact the District Court found taxpayers were not being provided with adequate notice to participate in the administrative appeal

15

process and that the Board was not functioning at constitutionally required levels. Thus, as the District Court noted, "[e]ven assuming that the Tax Injunction Act applies to the Virgin Islands as a consequence of the Repeal Act, it would not affect the Court's power to enjoin the Government from issuing tax bills." *Berne Corp. v. Gov't of the V.I.*, 2008 U.S. Dist. LEXIS 69246, at *11 (D.V.I. 2008). The District Court had jurisdiction over the May 2003 Decree when it issued the 2008 orders, and we have jurisdiction to review those orders.

## III.

The Government of the Virgin Islands contends the District Court erred in finding the Board of Tax Review non-functional and therefore erred in continuing to enforce the May 2003 injunction.[13] At issue is whether the Board of Tax Review met constitutionally required due process standards. Procedural due process, at a minimum, affords each taxpayer a "full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Rosewell*, 450 U.S. at 514 (citation omitted); *see also Bell v. Burson*, 402 U.S. 535, 542 (1971) ("[D]ue process requires . . . notice and opportunity for hearing appropriate to the nature of the case." (internal citations

---

[13]We review the District Court's underlying findings of fact for clear error. *United States v. Bell,* 414 F.3d 474, 478 (3d Cir. 2005). We exercise plenary review over the District Court's application of law to fact. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

16

omitted)).  In other words, procedural due process requires at a minimum that the taxpayer have both notice of the appeal and the right to participate.

In its May 2003 Decree, the District Court made clear two conditions had to be satisfied before it would lift the injunction against the Government of the Virgin Islands: The first was compliance with the now-repealed 1936 Act.  The second condition, however, was "a functioning Board of Tax Review that consistently holds hearings and reaches determinations on appeals." *Berne Corp. v. Gov't of the V.I.*, 2008 U.S. Dist. LEXIS 69247, at *7.  The second condition remains applicable even after the repeal of the 1936 Act.  After a hearing on July 2, 2008, to determine the Board's functionality, the District Court found the Board of Tax Review, while functioning to "some degree," remained in disarray.  *Id.* at *29.

The Government of the Virgin Islands called two witnesses at the evidentiary hearing: the Commissioner of Finance and the Executive Director of the Board of Tax Review.  Each addressed the number of times the Board of Tax Review had met since the 2003 Decree (eight—five in 2006, one in 2007, and the last two meetings in May 2008 and June 2008), the number of appeals still pending before the board (374), and the regularity of future meetings (to occur on the last Friday of every month).  Disturbingly, however, both witnesses were uncertain whether the Board of Tax Review was notifying taxpayers of their appeal dates.  *Id.* at *12.  The Commissioner

17

of Finance even testified that at the May 2008 meeting no taxpayers were present to participate in the appeal process.  *Id.*

In light of this evidence, the District Court found the Board of Tax Review's compliance with the May 2003 Decree to be "sporadic, short-lived, and of recent vintage."  *Id.* at *33. The District Court also highlighted the absence in the record of any evidence "to suggest that the Board of Tax Review is maintaining reliable records."  *Id.* at *31.  Although mentioning certain good faith attempts at compliance, the court decided, given the history of the case, that "good faith commitment is not enough."  *Id*. at *33.  Based on the evidence presented, the District Court found the Board of Tax Review was not functioning at a constitutionally required level.  We find no clear error in the District Court's underlying findings of fact, and we agree with the District Court's application of fact to law—that the Board of Tax Review's functionality did not meet constitutionally required due process standards.

## IV.

The second issue on appeal is the contempt order.  We review a contempt order "under an abuse of discretion standard and will only . . . [disturb it] if there is an error of law or a clearly erroneous finding of fact."  *Harris v. City of Philadelphia*, 47 F.3d 1311, 1321 (3d Cir. 1995).  Although the Government of the Virgin Islands characterizes it as a criminal contempt order, the District Court, in fact, entered a civil contempt order. "Significantly, the key distinction between civil and criminal contempt lies in the court's purpose.  Civil

18

contempt sanctions are intended to coerce or to compensate; criminal contempt sanctions to punish." *Taberer v. Armstrong World Indus. Inc.*, 954 F.2d 888, 896 (3d Cir. 1992). The District Court's contempt order was designed to coerce compliance with the May 2003 Decree, not to mete out punishment for refusing to abide by the prior order. To establish that a party is liable for civil contempt, three elements must be proven.: "(1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995) (internal citations omitted).

The Government of the Virgin Islands does not dispute it had knowledge of the May 2003 Decree or that it disobeyed the Decree. Instead, the Government of the Virgin Islands contends the entire injunction is void as a result of the congressional repeal of the 1936 Act.[14] The District Court agreed that the repealer voided that part of the injunction based on the 1936 Act, but did not void the section of the injunction

---

[14]"[I]t is well settled that the viability of a civil contempt order entered either to remedy past non-compliance or to coerce future compliance with a preliminary injunction hinges on the validity of the underlying injunction." *John T. ex rel. Paul T. v. Del. County Intermediate Unit*, 318 F.3d 545, 559 (3d Cir. 2003); *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 295 (1947) ("The right to [a civil contempt order's] remedial relief falls with an injunction which events prove was erroneously issued.").

19

based on the constitutional due process violations. The contempt order was directed only to the Government's disregard for the partially vacated but still intact May 2003 Decree and injunction. We see no abuse of discretion.

The Government also raises the defense of impossibility. It contends it was impossible to comply with both the May 2003 Decree and its own valid law, Act 6991. Impossibility may be a defense to a contempt order, *see United States v. Rylander*, 460 U.S. 752, 757 (1983), but a party may not rely on impossibility if it is a condition of the party's own making. "[W]here the contemnor participated in effectuating the change in the law which it alleged to establish a legal impossibility, sound policy does not permit the by-passing of the orderly route to appellate review." *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 639 (3d Cir. 1982). As noted by the District Court, Act 6991 was created specifically at the behest of the Governor, who titled the act of the "utmost priority." The Act was a condition of the Government of the Virgin Island's own making. As a result, the legal defense of impossibility is unavailable to the Government of the Virgin Islands.

V.

For the reasons expressed, we will affirm the District Court on both September 11, 2008 orders.

20