**WILBERT WILLIAMS, M.D., Appellant/Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, BOARD OF MEDICAL EXAMINERS, Appellee/Respondent**

S. Ct. Civ. No. 2009-0057

Supreme Court of the Virgin Islands

February 28, 2011

JOEL H. HOLT, ESQ., Christiansted, St. Croix, USVI, *Attorney for Appellant.*

AQUANETTE CHINNERY-MONTELL, ESQ., TERRYLYN M. SMOCK, ESQ., Assistant Attorney Generals, Department of Justice, St. Thomas, USVI, *Attorneys for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Judge*; and MOORE, *Designated Justice.*[1]

## OPINION OF THE COURT

(February 28, 2011)

SWAN, J. Virgin Islands Superior Court Rule 15(a) states that an "aggrieved party" may petition the court to review a board's decision within thirty days of the decision. Dr. Wilbert Williams filed a Complaint in the District Court seeking injunctive relief against enforcement of the Virgin Islands Board of Medical Examiners' ("V.I.B.M.E.") decision to permanently revoke his medical license. The District Court issued a Temporary Restraining Order ("TRO") enjoining V.I.B.M.E. from enforcing its decision to permanently revoke Dr. Williams' license. Subsequently, the TRO was converted to a preliminary injunction which remained in effect for over two years until the District Court dismissed the case for lack of jurisdiction.

Two days after the District Court's dismissal of his case, Dr. Williams petitioned the Superior Court to issue a Writ of Review to review V.I.B.M.E.'s decision. Subsequently, the Superior Court ruled that thirty days had passed since V.I.B.M.E. issued its decision permanently revoking Dr. Williams' license. Therefore, the Superior Court dismissed the case for lack of jurisdiction.[2]

---

[1] Associate Justice Maria M. Cabret is recused from this matter. The Honorable Thomas K. Moore has been designated in her place pursuant to title 4, section 24(a) of the Virgin Islands Code.

[2] Although this Opinion refers to the Superior Court's decision as a dismissal for lack of jurisdiction, because that is how the Superior Court characterized the dismissal, this Court's restatement of the Superior Court's characterization should not be construed as an agreement with the Superior Court that the thirty-day deadline for filing a Petition for Writ of Review under Superior Court Rule 15(a) is a jurisdictional requirement. *See Gov't of the V.I. v. Crooke*, Civ. No. 2007-0109, 2010 V.I. Supreme LEXIS 28, at *42 (V.I. Aug. 24, 2010) (explaining that jurisdictional status of the thirty-day requirement is unclear because, although Rule 15(a) is a claims processing rule, it is incorporated by reference in the general writ of review statute passed by the legislature); *Bryan v. Ponce*, 51 V.I. 239, 250 (V.I. 2009) (holding Rule 15(a)'s attorney's certificate requirement is not jurisdictional).

We hold that Dr. Williams was not an "aggrieved party" during the effective period of the District Court's TRO and preliminary injunction enjoining V.I.B.M.E. from enforcing its decision to permanently revoke Dr. Williams' license. Accordingly, after excluding the time period during which the District Court's TRO and preliminary injunction were in effect, we conclude that Dr. Williams' Petition for Writ of Review was filed with the Superior Court within the thirty-day time limit of Rule 15(a).

## I. FACTS AND PROCEDURAL HISTORY

On April 15, 2005, Lydia Ventura ("Ventura") visited the office of Dr. Williams, seeking medical treatment for headaches, abdominal pains, and a fever. Dr. Williams treated Ventura's symptoms with intravenous (IV) fluids and morphine. During her treatment, Ventura lost consciousness and suffered cardiac arrest. When Dr. Williams realized that Ventura was not responding to verbal and painful stimuli, Dr. Williams contacted the Emergency Medical Services ("EMS") personnel. After arriving at Dr. Williams' medical office, EMS employees transported Ventura to the Juan F. Luis Hospital, where she died several days later.

On May 31, 2005, V.I.B.M.E. served Dr. Williams with a written notice, informing Dr. Williams that it had received a letter concerning his treatment of Ventura. The written notice requested that Dr. Williams appear before V.I.B.M.E. for a show cause hearing on June 9, 2005. After the show-cause hearing was held, V.I.B.M.E. suspended Dr. Williams' license to practice medicine for one year. On June 28, 2005, Dr. Williams filed a Complaint[3] in the Superior Court against V.I.B.M.E., alleging that V.I.B.M.E. unlawfully suspended his medical license and violated his due process rights. Additionally, Dr. Williams filed a Motion for the Superior Court to issue a Temporary Restraining Order (TRO) against enforcement of V.I.B.M.E.'s decision. However, before the Superior Court ruled on the Motion or Complaint, Dr. Williams voluntarily dismissed his case on July 7, 2006.

Two days earlier, on July 5, 2006, Dr. Williams commenced a similar action against V.I.B.M.E. in the District Court of the Virgin Islands

---

[3] *Wilbert Williams, MD v. Government of the Virgin Islands, et al.*, Super. Ct. Civ. No. 434/2005.

("District Court"). In his Complaint, Dr. Williams asserted *inter alia* that V.I.B.M.E. violated his constitutional rights. Dr. Williams sought injunctive relief, including a TRO, a preliminary injunction, and a declaratory judgment, in addition to compensatory and punitive damages, and attorney's fees and costs. The District Court concluded that there were due process issues involved in V.I.B.M.E.'s decision to suspend Dr. Williams' license. Therefore, on July 12, 2005, the District Court issued a TRO enjoining V.I.B.M.E. from enforcing its one-year suspension of Dr. Williams' license.

On July 14, 2005, V.I.B.M.E. served Dr. Williams with a second written notice of hearing, informing Dr. Williams of a new disciplinary proceeding against him scheduled for September 12, 2005. In a January 26, 2006 Final Order, V.I.B.M.E. permanently revoked Dr. Williams' license to practice medicine. V.I.B.M.E.'s decision was to take effect on February 17, 2006. V.I.B.M.E. mailed its January 26, 2006 Order to Dr. Williams on February 17, 2006, which Dr. Williams received on March 7, 2006.

On March 10, 2006, Dr. Williams filed another case in the District Court, seeking a second TRO, enjoining V.I.B.M.E. from enforcing its decision to permanently revoke his medical license. The same day, the District Court issued a TRO against V.I.B.M.E.'s enforcement of its order to permanently revoke Dr. Williams' license. The duration of the TRO was for ten days, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. On March 24, 2006, the District Court extended the TRO for an additional ten days. However, at a March 30, 2006 hearing, the parties stipulated to an extension of the TRO until further order of the District Court. The parties' stipulation was approved by the District Court, thereby converting the TRO to a preliminary injunction.

On June 6, 2006, V.I.B.M.E. filed a Motion to Dismiss and a Motion for Summary Judgment, asserting that the District Court lacked jurisdiction over Dr. Williams' claims, pursuant to the *Younger* doctrine.[4]

---

[4] In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the United States Supreme Court held that federal courts must abstain from exercising jurisdiction over pending state criminal prosecutions, absent extraordinary circumstances. Although *Younger* is a criminal case, this doctrine is also applicable to civil cases. *See, e.g., Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007); *Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010).

On November 17, 2008, and approximately two and one half years after the parties' stipulation to extend the TRO enjoining V.I.B.M.E. from enforcing its decision to permanently revoke Dr. Williams' license, the District Court conducted an evidentiary hearing to determine whether it should dismiss Dr. Williams' case. The District Court considered whether the *Younger* doctrine or its exceptions were applicable to Dr. Williams' case. On December 8, 2008, the District Court granted V.I.B.M.E.'s Motion and dismissed Dr. Williams' case, pursuant to the *Younger* doctrine.

On December 10, 2008, following the District Court's dismissal, Dr. Williams filed a Petition for Writ of Review of V.I.B.M.E.'s revocation order and a Motion for Rule 15(d) Relief[5] in the Superior Court. On December 22, 2008, Dr. Williams filed a Motion for a TRO in the Superior Court. In response to Dr. Williams' filings, V.I.B.M.E. filed an Opposition to both the Motion for Temporary Restraining Order and the Motion for Rule 15(d) Relief and moved to dismiss the case. On January 7, 2009, the Superior Court conducted a hearing on Dr. Williams' Motion for a TRO. At this hearing, V.I.B.M.E. asserted that the Superior Court lacked jurisdiction to review V.I.B.M.E.'s decision. The Superior Court ordered the parties to file briefs addressing the issue of jurisdiction. On June 10, 2009, the Superior Court denied Dr. Williams' Petition for Writ of Review, denied his Motion for Rule 15(d) Relief, denied his Motion for a Temporary Restraining Order and granted V.I.B.M.E.'s Motion to Dismiss for lack of jurisdiction, stating that Dr. Williams' Petition for a Writ of Review was untimely. On June 15, 2009, Dr. Williams appealed the Superior Court's order of dismissal for lack of jurisdiction.

## II. JURISDICTION

■ Title 4, section 32(a) provides that "the Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A

---

[5] Rule 15(d) of the Rules of the Superior Court states that:

> The Court may, upon application by the petitioner, include in the writ a clause requiring the respondent officer, board, commission, authority or tribunal to desist from further proceedings in the matter under review until the final determination thereof by the Court.

final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). Pursuant to its June 10, 2009 Opinion and its companion Order, the Superior Court denied Dr. Williams' Petition for Writ of Review and simultaneously entered a final judgment.

## III. STANDARD OF REVIEW

We examine the issues on appeal to assess the pertinent standard of review. Dr. Williams asserts that the Superior Court erred as a matter of law when it concluded that his Petition for Writ of Review was untimely and failed to exercise jurisdiction over its merits. Although the Superior Court correctly reasoned that it has discretion in deciding whether to consider a Petition for Writ of Review that does not conform to its court rules, we find that the issue of whether Dr. Williams' petition did conform to the Superior Court rules is an issue of law for which we exercise plenary review. *Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 138, 51 V.I. 1253 (3d Cir. 2009); *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 449 (V.I. 2007). We will review factual findings for clear error. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

## IV. DISCUSSION

### A. Whether the Superior Court erred when it declined jurisdiction over Dr. Williams' Petition for a Writ of Review

The Superior Court ruled that Dr. Williams' Petition for Writ of Review was not timely because more than two years had passed since V.I.B.M.E. issued its decision to permanently revoke Dr. Williams' license. The Superior Court noted, however, that although Dr. Williams' Petition for a Writ of Review did not meet the thirty-day requirement of Superior Court Rule 15(a), it was within the Court's discretion to decide whether it would proceed in hearing the Petition on the merits. Nevertheless, the Superior Court found that this case did not present an exceptional circumstance that would merit a hearing on the Petition. Therefore, it dismissed the case for lack of jurisdiction.

In his brief, Dr. Williams argues that the case he filed in the District Court tolled the filing period for his Petition for Writ of Review in the

Superior Court. Accordingly, his Petition for Writ of Review was timely filed and therefore within the Superior Court's jurisdiction. In support of his contention that the time for filing his Petition for a Writ of Review was tolled, Dr. Williams invokes title 28, section 1367[6] of the United States Code, and alternatively, title 5, section 38[7] of the Virgin Islands Code. While we agree with Dr. Williams' position that his Petition for Writ of Review was timely filed, it is not necessary for this Court to consider either statute. Dr. Williams' Petition was timely filed pursuant to the plain text of Rule 15(a), without the need for any statutory or equitable tolling.

We commence our analysis with the applicable provision of Rule 15(a) of the Rules of the Superior Court, which provides:

> A writ of review may be granted by the Court upon the petition of any person *aggrieved by the decision* or determination of an officer, board, commission, authority or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. The petition shall be signed by the petitioner or his attorney, and shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay.

SUPER. CT. R. 15(a). (emphasis added).

■ To fall under the terms of Rule 15(a) whereby the thirty-day requirement would apply, a party must be an "aggrieved person." Title 1, section 42 of the Virgin Islands Code states that, "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." Under its normal

---

[6] The period of limitations for any claim asserted under subsection (a) of this statute, and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period. 28 U.S.C. §1367.

[7] "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall be a part of the time limited for the commencement of the action." 5 V.I.C. § 38.

and customary meaning, an "aggrieved" person is defined as "a person with a legally recognized interest that is injuriously affected by an act of a judicial or quasi judicial body that confers standing to appeal." MERRIAM WEBSTER'S DICTIONARY OF LAW, 354 (Collector Ed. 2005); *see also, Walker v. Ohio State Univ. Bd. of Trustees*, No. 09APP-748, 2010 Ohio 373 at ¶ 25 (Ohio Ct. App. Feb. 4, 2010).[8]

Dr. Williams could not simultaneously pursue a writ of review in the Superior Court when the District Court entered a TRO, which became a preliminary injunction, enjoining enforcement of V.I.B.M.E.'s decision to permanently revoke his license. The reason is that Rule 15(a)'s thirty-day limit only authorizes the Superior Court to consider a petition for writ of review brought by one who has been "aggrieved by the decision of an officer, board, commission, authority, or tribunal." *Cf. Hodge v. Bluebeard's Castle, Inc.*, 392 Fed. Appx. 965, 977 (3d Cir. 2010) (holding that the phrase "party aggrieved" should be given "a practical rather than hypertechnical meaning") (quoting *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

We note that it is unclear whether Dr. Williams was aggrieved by V.I.B.M.E.'s January 26, 2006 Order beginning on February 17, 2006, the date V.I.B.M.E. issued its order, or from March 7, 2006 when he was notified of V.I.B.M.E.'s decision to permanently revoke his license. *Compare Worldwide Flight Services v. Gov't of the V.I.*, 51 V.I. 105, 109 (V.I. 2009) (holding that party is aggrieved from the date of issuance, but construing a statute rather than Rule 15(a)) with *Tip Top Constr. Inc. v. Gov't of the V.I. Dept. of Property and Procurement*, 41 V.I. 72 (Terr.Ct. 1999) (holding that party is aggrieved from date of notice, but construing Rule 15(a)) (citing *In re Hodge*, 16 V.I. 548, 555 (Terr. Ct. 1979)). Thus, when the District Court issued a March 10, 2006 TRO enjoining V.I.B.M.E.'s permanent revocation of his license to practice medicine, Dr. Williams had been aggrieved for either three days or twenty-one days. Therefore, whether Dr. Williams was aggrieved on February 17, 2006 or March 7, 2006 is inconsequential because the period

---

[8] Black's Law Dictionary also defines "aggrieved party" as "a party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person's action or by a court's decree or judgment. BLACK'S LAW DICTIONARY 1154 (8th ed. 2004).

597

for which Dr. Williams was aggrieved, under both dates, falls within the thirty-day limit of Rule 15(a).

The District Court's TRO and subsequent preliminary injunction were in effect from March 10, 2006 to December 8, 2008. During this time period, there was no enforceable or adverse action by V.I.B.M.E. against Dr. Williams. When the District Court dismissed Dr. Williams' case for lack of jurisdiction on December 8, 2008, Dr. Williams instantaneously regained his status as an "aggrieved party" under Rule 15(a). At that time, Dr. Williams had either nine or twenty-seven days remaining on the thirty-day period in which to file a Petition for a Writ of Review in the Superior Court. Dr. Williams filed his Petition for Writ of Review in the Superior Court two days after the dismissal of his case in the District Court.

■ The language in Rule 15(a) is explicit. It instructs that a petitioner must be a person aggrieved by the decision of a board in order to file a petition for a writ of review. However, during the period from March 10, 2006 to December 8, 2008, Dr. Williams was permitted to practice medicine as a result of the District Court's TRO and preliminary injunction against V.I.B.M.E. Therefore, during the same period, Dr. Williams was not, and could not have been a person "aggrieved" by "the decision or determination of . . . [a] board, . . ." pursuant to Rule 15(a). Accordingly, Dr. Williams was not legally required to pursue a Writ of Review pursuant to Rule 15(a) in the Superior Court, until the District Court dismissed his entire case on December 8, 2008 and simultaneously dissolved the preliminary injunction against V.I.B.M.E. *See Kumar v. Nat'l Medical Enterprises, Inc.*, 267 Cal Rpt. 452, 456 (Cal. Ct. App. 1990) (holding that physician ceases to be aggrieved by final administrative agency decision when court sets order aside). Therefore, Dr. Williams' Petition for a Writ of Review was timely filed because the time period in which Dr. Williams ceased to be an aggrieved party should have been excluded from the thirty-day time period afforded Dr. Williams to file his Petition for a Writ of Review in the Superior Court.

## B. Whether the Superior Court erred when it declined to grant Dr. Williams injunctive relief, pursuant to Rule 15(d) of the Rules of the Superior Court

Pursuant to Rule 15(d) of the Rules of the Superior Court:

> The Court may, upon application by the petitioner, include in the writ a clause requiring the respondent officer, board, commission, authority or tribunal to desist from further proceedings in the matter under review until the final determination thereof by the Court.

This rule expressly allows the trial court, upon application by the petitioner, to instruct the Board to desist from further action until the trial court makes a final determination. Because we are remanding this case to the Superior Court, that Court may consider any request by Dr. Williams under Rule 15(d). However, our conclusion that the District Court's TRO and preliminary injunction prevented Dr. Williams from petitioning the Superior Court for a writ of review of V.I.B.M.E.'s decision to permanently revoke his license renders it unnecessary to reach this issue since, on remand, the Superior Court may consider Dr. Williams' request on the merits.

## V. CONCLUSION

We reverse the Superior Court's dismissal of Dr. Williams' Petition for Writ of Review for lack of jurisdiction and remand this case to the Superior Court for that court to consider Dr. Williams' Petition for Writ of Review consistent with this opinion.