**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3013
_____

ERNEST SMALIS,
                              Appellant

v.

ALLEGHENY COUNTY BOARD OF PROPERTY ASSESSMENT, APPEAL &
REVIEW; ALLEGHENY COUNTY LAW DEPARTMENT; CITY OF PITTSBURGH
LAW DEPARTMENT; CITY OF PITTSBURGH SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-01646)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2016

Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed January 21, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ernest Smalis appeals pro se from the District Court's order dismissing his civil rights complaint for lack of subject matter jurisdiction.[1] For the reasons that follow, we will affirm that order.

I.

Smalis owns commercial real estate ("the Property") in Pittsburgh. From 1999 until early 2010, he was incarcerated for various offenses. After his release from prison, he appeared before the Allegheny County Board of Property Assessment, Appeal and Review ("BPAAR"), seeking to challenge the tax assessments on the Property for tax years 2000 through 2009. After the BPAAR denied that challenge, Smalis filed a pro se petition with the Allegheny County Court of Common Pleas, seeking permission to appeal those tax assessments nunc pro tunc. In support of that petition, he claimed that his constitutional rights had been violated because the tax assessment notices for the tax years in question had been mailed to his former address rather than his prison address.[2]

The Court of Common Pleas ultimately denied Smalis's petition, concluding that he could not appeal nunc pro tunc because he had "fail[ed] to promptly act after he knew or should have known that he was not receiving assessment and tax notices." Smalis v. Allegheny Cty. Bd. of Prop. Assessment, No. 74 C.D. 2012, 2013 WL 3946234, at *2

---

[1] The parties agreed to have the case decided by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Smalis claims that he notified the appropriate taxing bodies of his address change

(Pa. Commw. Ct. Feb. 22, 2013) (quoting opinion issued by the Court of Common Pleas).

Smalis then sought review of that denial before the Pennsylvania Commonwealth Court.

The Commonwealth Court affirmed, albeit on a different basis. Specifically, the

Commonwealth Court concluded that Smalis could not proceed with a nunc pro tunc

appeal because the nearly four-month delay between BPAAR's decision and the filing of

his petition in the Court of Common Pleas "constitute[d] a lack of reasonable diligence as

a matter [of] law." Id. at *3.

Shortly after the Pennsylvania Supreme Court denied review in Smalis's state

court case, he filed a pro se civil rights complaint in the District Court against BPAAR,

the Allegheny County Law Department, the City of Pittsburgh Law Department, and the

School District of Pittsburgh. The complaint alleged that the defendants had violated his

federal constitutional rights because the tax assessment notices had not been sent to his

prison address. In light of his allegations, Smalis sought an order that would "properly

allow [him] rights to due process to appeal the assessment years from 2000 to 2009," and

stay any tax sale of the Property. (Compl. 4.)

The defendants moved to dismiss Smalis's complaint on various grounds. On

May 16, 2014, the District Court dismissed the complaint for lack of subject matter

jurisdiction and denied the motions to dismiss as moot. Rather than relying on the

shortly after he entered prison.

defendants' bases for dismissal, the District Court concluded that the complaint was barred by the Tax Injunction Act, 28 U.S.C. § 1341. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's order dismissing a complaint for lack of subject matter jurisdiction." Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014).

"The Tax Injunction Act deprives federal courts of jurisdiction to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'" Berne Corp. v. Gov't of the V.I., 570 F.3d 130, 136 (3d Cir. 2009) (quoting 28 U.S.C. § 1341). The Act "does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." Gass v. County of Allegheny, Pa., 371 F.3d 134, 139 (3d Cir. 2004). In this case, the District Court concluded that Smalis "ha[d] access to and obtained meaningful review in state court of his challenge to the assessment of his property for the years 2000 – 2009." (Dist. Ct. Op. 12.) We agree. As the District Court explained, Smalis "availed himself of the existing state court remedy, challenging the lack of notice of his assessment on due process and equal protection grounds in accordance with Pennsylvania law." (Id.) Although the Pennsylvania state courts ultimately denied his request to appeal the

4

assessment of the Property nunc pro tunc, that denial was based on his own lack of diligence and "does not detract from the availability of an adequate state court remedy." (Id.)

For substantially the reasons provided by the District Court, we find no error in its decision to dismiss Smalis's complaint pursuant to the Tax Injunction Act. Accordingly, we will affirm the District Court's judgment.