ALD-153                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-4137 & 16-4261
_____

IN RE:  DESPINA SMALIS, Debtor

ERNEST SMALIS, Appellant

v.

CITY OF PITTSBURGH SCHOOL DISTRICT; CITY OF PITTSBURGH LAW
DEPARTMENT; ALLEGHENY COUNTY LAW DEPARTMENT;
COUNTY BOARD OF PROPERTY ASSESSMENT APPEAL & REVIEW
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-00693)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted by the Clerk for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
and on Appellees' Motion for Summary Affirmance
March 9, 2017
Before: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 27, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ernest Smalis appeals pro se from the District Court's August 25, 2016 order, which affirmed three orders entered by the United States Bankruptcy Court for the Western District of Pennsylvania. For the reasons that follow, we will summarily affirm the District Court's order.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2015, Smalis filed a pro se adversary action in the Bankruptcy Court against the City of Pittsburgh School District, the City of Pittsburgh Law Department, the Allegheny County Law Department, and the Allegheny County Board of Property Assessment, Appeals, and Review (hereinafter collectively referred to as "the Appellees"). His complaint sought the recoupment of certain real estate taxes paid on two commercial properties, alleging that the properties had been over-assessed and that the Appellees had violated his federal due process rights by failing to provide him with annual property assessment notices for those properties while he was in prison from 1999 to 2010. He alleged that this adversary action was related to a bankruptcy case that his ex-wife, Despina Smalis ("Ms. Smalis"), had commenced under Chapter 7 of the Bankruptcy Code in 2005.

Two of the Appellees ultimately moved the Bankruptcy Court to dismiss Smalis's complaint. On April 25, 2016, the Bankruptcy Court granted those motions and dismissed the case in its entirety, explaining that it lacked subject matter jurisdiction over

2

Smalis's claims because they were not "related to" Ms. Smalis's bankruptcy case under 28 U.S.C. §§ 157(a) and 1334(b). Smalis moved for reconsideration of that dismissal, but the Bankruptcy Court denied that motion on May 11, 2016. He then filed another motion attacking the April 25, 2016 order (as well as the May 11, 2016 order); the Bankruptcy Court denied that motion on May 19, 2016.

Thereafter, Smalis filed a pro se appeal in the District Court,[1] challenging all three of the Bankruptcy Court's orders. On August 25, 2016, the District Court affirmed each of those orders. Smalis then filed the appeal that is now before us.[2] The Appellees oppose this appeal and have moved to summarily affirm the District Court's judgment.

---

[1] As a general matter, a notice of appeal from a bankruptcy court's order must be filed in that court no later than 14 days after the entry of the order being appealed. See Fed. R. Bankr. P. 8002(a)(1). However, if a party timely moves the bankruptcy court to reconsider that order, the 14-day appeal period does not being to run until the bankruptcy court enters an order disposing of that motion. See Fed. R. Bankr. P. 8002(b)(1)(D). In this case, Smalis timely moved the Bankruptcy Court to reconsider its April 25, 2016 order. The Bankruptcy Court denied that motion on May 11, 2016, thereby giving Smalis until May 25, 2016, to file a notice of appeal challenging the April 25 order. Because he filed his notice of appeal on May 23, 2016 (challenging not only the April 25 order, but also the May 11 and May 19 orders), his appeal was timely as to all three orders.

[2] In a civil action like this one, a party seeking to appeal from a district court's final order generally must file his notice of appeal within 30 days of the entry of that order. See Fed. R. App. P. 4(a)(1)(A). However, a district court may reopen the time to appeal for a period of 14 days if the following conditions are satisfied: (A) the party seeking to appeal did not receive proper notice of the order in question within 21 days after its entry; (B) that party files a motion to reopen the time to appeal within 180 days after the order is entered or within 14 days after that party receives notice of that entry, whichever is earlier; and (C) the district court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6). On November 16, 2016, Smalis filed in the District Court a document titled "Notice of Appeal, Restore App[e]llant[']s Appeal Rights." The District Court Clerk's Office docketed this filing as a notice of appeal from the District Court's August 25, 2016 order, and the appeal was assigned C.A. No. 16-4137 in our Court. On November 28,

3

II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 158(a)(1), and we now have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. "Because the District Court sat below as an appellate court, [we] conduct[] the same review of the Bankruptcy Court's order[s] as did the District Court." Baroda Hill Invs., Ltd. v. Telegroup, Inc. (In re Telegroup, Inc.), 281 F.3d 133, 136 (3d Cir. 2002). In other words, "we review the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." In re Goody's Family Clothing Inc., 610 F.3d 812, 816 (3d Cir. 2010). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

In order for a bankruptcy court to have jurisdiction over a lawsuit, that lawsuit must at least be "related to" a bankruptcy case. See 28 U.S.C. §§ 157(a), 1334(b); Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 163-64 (3d Cir. 2004). "We have held that a [lawsuit] falls within the bankruptcy court's 'related to'

---

2016, Smalis filed in the District Court a document titled "Motion for Leave to Amend Notice of Appeal, Restore Appellant[']s Appeal Rights[] Motion Requesting Enlargement of Time[] to Appeal [the District Court's August 25, 2016 Order]." The District Court construed this new filing as a motion to reopen the time to appeal and granted that relief on November 29, 2016, thereby giving Smalis until December 13, 2016, to file a timely appeal. On December 5, 2016, he filed a new notice of appeal challenging the District Court's August 25, 2016 order. This new notice of appeal was assigned C.A. No. 16-4261 and consolidated with Smalis's appeal at C.A. No. 16-4137. Because both of Smalis's notices of appeal were filed before the December 13, 2016 deadline, they each are timely. That said, given that they challenge the same District Court order, there is, as a practical matter, only one appeal before us.

4

jurisdiction if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.), 554 F.3d 382, 405 (3d Cir. 2009) (certain internal quotation marks omitted). In other words, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.), 591 F.3d 164, 171 (3d Cir. 2009) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). "Conceivability is determined at the time a lawsuit is filed." Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 294 (3d Cir. 2012).

In this case, the Bankruptcy Court concluded that Smalis's lawsuit against the Appellees was not "related to" Ms. Smalis's bankruptcy case. The Bankruptcy Court explained that Ms. Smalis's bankruptcy estate had already been fully administered, and that neither she nor the estate retained any interest in either of the two properties at issue in Smalis's lawsuit.[3] The Bankruptcy Court further explained that the administration of the estate had resulted in a surplus to Ms. Smalis after distributions were made to her creditors; therefore, Smalis's lawsuit would have no effect on those creditors. To the extent that Smalis sought to bring his lawsuit on behalf of the estate, the Bankruptcy

---

[3] Years before Smalis filed this lawsuit, one of those properties had been sold by the Bankruptcy Trustee, and Ms. Smalis had released her interest in the other property as part

Court questioned his standing to do so, and observed that he "appears to be pursuing these claims for his own benefit in this forum only because he has been unable to obtain relief elsewhere." (Bankr. Ct. Mem. Op. entered Apr. 25, 2016, at 7.)[4] On appeal, the District Court agreed with the Bankruptcy Court's analysis, and concluded that Smalis failed to demonstrate that he had standing to bring his lawsuit on behalf of the estate.

For substantially the reasons provided by the Bankruptcy Court and the District Court in their respective opinions, we agree with those courts that Smalis's lawsuit was not "related to" Ms. Smalis's bankruptcy case, and that the Bankruptcy Court thus lacked jurisdiction over his claims. Accordingly, the District Court did not err in affirming the Bankruptcy Court's April 25, 2016 order dismissing Smalis's lawsuit. Nor did the District Court err in affirming the Bankruptcy Court's two subsequent orders rejecting Smalis's post-judgment attacks on the April 25, 2016 order. Because this appeal does not present a substantial question, we hereby grant the Appellees' motion for summary affirmance, and we will summarily affirm the District Court's August 25, 2016 order.

---

of a settlement with Smalis.

[4] As the Bankruptcy Court noted, Smalis had previously challenged the tax assessments for one of the properties in Pennsylvania state court. That lawsuit, which ended in 2013, was unsuccessful. He also previously raised the lack-of-notice claim in a civil rights complaint filed against the Appellees in the District Court. In 2014, the District Court dismissed that complaint for lack of jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. We later affirmed that dismissal. See Smalis v. Allegheny Cty. Bd. of Prop. Assessment, Appeal & Review, 632 F. App'x 78, 80 (3d Cir. 2016) (per curiam).